UNITED STATES of America, Appellee,

v.

Clayton RUNCK, Jr., Appellant.

No. 78–1850.

United States Court of Appeals,
Eighth Circuit.

Submitted July 9, 1979.

Decided July 19, 1979.

Rehearing and Rehearing En Banc
Denied Aug. 21, 1979.

Robert Vogel, Grand Forks, N. D., argued and on brief, for appellant.

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn. (argued), and Andrew W. Danielson, U. S. Atty., Minneapolis, Minn., on brief, for appellee.

ON PETITION FOR REHEARING

Before GIBSON, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

GIBSON, Chief Judge.

This appeal presents another illustration of the pitfalls and problems arising from plea bargaining. Aside from any philosophical questions one might have about the effect of plea bargaining in the administration of criminal justice, it is essential that strict adherence to the safeguards articulated by this court in *United States v. Gallington*, 488 F.2d 637, 640 (8th Cir. 1974), be observed.

Clayton Runck appeals from the denial of his motion for correction or reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure, or, in the alternative, to have the sentence and plea negotiations vacated and the pleas of guilty withdrawn under Rules 32 and 11 of the Federal Rules of Criminal Procedure. Appellant argues that the sentence imposed on him violated the terms of the plea negotiation and were otherwise invalid as discussed in this opinion. For the reasons hereinafter expressed, we reverse his conviction and remand for resentencing in accordance with this opinion.

Runck pled guilty to two informations charging mail fraud in violation of 18 U.S.C. § 1341. In the first fraud, Runck created the false appearance of a sale to a dying employee in order to obtain a purchase money loan. Runck then procured life insurance on the life of the employee, with himself as the beneficiary, in order to secure repayment of the loan. Since Runck had made the imaginary sale to a person who was dying and shortly thereafter died, he collected the life insurance proceeds of $25,000. The second information also involved insurance fraud. Runck and an associate bought sunflower seeds for approximately $7,000, but insured them for $109,000. After fire destroyed the seeds, the insurance company paid approximately $87,400 to settle the loss. Runck and his partner in this fraud split the fraudulent gain.

The plea negotiations provided for Runck to receive a sentence of no more than three years' imprisonment and a $1,000 fine on each count, the prison terms to run concurrently. The negotiation also provided that the pleas of guilty to the two informations would preclude for practical purposes prosecution for a whole list of potential charges against Runck.

Pursuant to the plea bargain, Runck pled guilty to the two informations on April 17, 1978. On June 26, 1978, the District Court imposed sentence. It sentenced Runck to two and one-half years' imprisonment and a $1,000 fine on the first information. On the second information, relating to the insurance proceeds from the pyric destruction of the sunflower seeds, the court ordered payment of a fine of $1,000, suspended the imposition of sentence, and placed Runck on probation for three years, which sentence was to be served concurrently with that imposed on the first information. The court also ordered that "a condition of probation is that defendant make restitution as directed by the probation office."

The issue before this court is whether the sentence imposed is in conformity with the negotiated plea agreement. Runck argues that the District Court violated Rule 11 because, although it accepted his guilty pleas, it did not embody in the judgment and sentence on the second information the disposition provided for in the plea agreement.[1] In particular he argues that the condition of restitution substantially altered the negotiated bargain and that the addition of the condition by the court without consulting either the defendant or the prosecutor exceeded the proper role of the judge.[2] *See United States v. Gallington, supra* at 640.

1. Fed.R.Crim.P. Rule 11(e)(3) provides:
   Acceptance of a Plea Agreement. If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

2. Runck also argues that the sentence should be set aside for lack of compliance with the requirements of 18 U.S.C. § 3651, because the court did not specify the actual amount of restitution to be made but provided that the amount should be determined by the probation office. He asserts that the court's order violates the statute because the statute only permits a court to impose restitution as a condition of probation and that it must set the amount of restitu-

■ We applaud the district judge for ordering restitution and definitely feel that restitution is in order in this criminal action. But a plea bargain severely limits the discretion of a sentencing judge. The amount of restitution required in this case is substantial and should have been articulated in the plea bargain or in a proposed amended plea bargain that the accused could accept or reject. While it is true that restitution is merely a condition of probation, the comparative magnitude of the amount of restitution here created a material change in the plea bargain. Although it would be unmanageable and impractical to require every possible condition of probation to be included in a plea bargain, the condition of payment of a sizeable sum of money should have been discussed. While the condition of restitution of a small amount might be acceptable because it would not necessarily materially alter the expectations of the parties to the bargain, restitution of a large amount should have been part of the plea bargain or the possibility of its inclusion as a condition of probation made known and agreed to by the bargainers.

The law is settled that breach of a plea bargain requires permitting the defendant to plead anew or demand specific performance. *Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In this case, the judge's addition of the condition of restitution, found to be without the bounds of the plea agreement, was not requested by the Government attorneys. The Government attorneys strictly adhered to the bargain made in the plea agreement and argue that a rejection of the agreement at this time would unfairly prejudice them because of their reliance on the agreement. It is also clear that the District Court intended to accept the agreement, and merely assumed that the condition of restitution was within the ambit of the plea agreement. In these circumstances we find that the appropriate procedure to provide relief from the breach of the plea agreement is to require specific performance of the agreement. This is the most expeditious method of rendering justice to both sides; no unfairness to the defendant will result from providing him with satisfaction of the bargain he accepted. Thus, Runck must be resentenced in accordance with the plea agreement, without the imposition of this condition of probation.

The decision of the District Court is reversed and the case remanded to the District Court for resentencing in accordance with this opinion.

---

tion in terms of the actual damages or loss caused by the offense for which conviction was had. While it is unnecessary for us to reach the issue of what 18 U.S.C. § 3651 requires because of our finding that the District Court violated Rule 11 of the Federal Rules of Criminal Procedure, we note that it is a better practice for the court to specify the amount of restitution rather than leave this decision to the probation office.