**STATE of Minnesota, Respondent,**

v.

**Roger Melvin NOREEN, Appellant.**

No. C0–84–928.

Court of Appeals of Minnesota.

Sept. 4, 1984.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, James Clifford, Chisago County Atty., Center City, for respondent.

Robert G. Rancourt, Lindstrom, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

### OPINION

POPOVICH, Chief Judge.

Appellant pleaded guilty to four counts of criminal sexual abuse in the second degree in violation of Minn.Stat. § 609.343(a) (1982). He challenges an order of $1,000 restitution to each of the two child sexual

abuse victims as a condition of probation. We remand to allow appellant to withdraw his guilty plea, if he chooses.

## FACTS

Appellant Roger Noreen pleaded guilty to four counts of criminal sexual conduct in the second degree committed against two young children. At sentencing, the trial court departed downward from the presumptive sentence of 34 months in prison. Instead, concurrent sentences of 21, 26, 30 and 34 months were given but execution was stayed, and appellant was placed on probation for 15 years. A number of conditions were imposed, including: (1) one year in the county jail, with Huber privileges, (2) participation in sexual abuse therapy, (3) reimbursement for prosecution costs, (4) medical restitution to the victims' family by paying uninsured medical and counseling expenses, (5) reimbursement for the family's travel expenses to carry out the treatment program, and (6) deposit of two $1,000 certificate of deposits in a bank, to be withdrawn when each child reaches 18 years of age. This last condition is the subject of the appeal.

## ISSUE

Did the trial court properly exercise its discretion in requiring payment of $2,000 to two child victims of criminal sexual abuse as a condition of appellant's probation?

## ANALYSIS

Minn.Stat. § 609.135, subd. 1 (1982) provides that a defendant may be placed on probation "on the terms the court prescribes, including restitution when practicable." The proper scope of crime victim restitution is an issue of first impression in Minnesota. Other states have confronted the question of "general" damages to victims of crime as a condition of probation with varying results. *See State v. Garner*, 115 Ariz. 579, 566 P.2d 1055 (1977); *State v. Behrens*, 204 Neb. 785, 285 N.W.2d 513 (1979); *In re Parole Application of Trantino*, 87 N.J. 347, 446 A.2d 104 (1982); *State v. Stalheim*, 275 Or. 683, 552 P.2d

829 (1976); *State v. Wilson*, 274 S.C. 352, 264 S.E.2d 414 (1980); *State v. Morgan*, 8 Wash.App. 189, 504 P.2d 1195 (1973). *See generally* 79 A.L.R.3d 976 (1977 & Supp. 1984).

However, we do not decide the issue raised because the trial court's order was inconsistent with the plea agreement.

■ A guilty plea must be accurate, voluntary and intelligent. *State v. Trott*, 338 N.W.2d 248, 251 (Minn.1983). The defendant must understand the consequences of his plea. *Id.* In this case, the trial court imposed additional conditions of probation which were not contemplated by the plea agreement.

■ Rule 15.04, subd. 3(1) of the Minnesota Rules of Criminal Procedure indicates the trial judge "shall reject or accept the plea of guilty on the terms of the plea agreement." The order of restitution here should have been "articulated in the plea bargain or in a proposed amended plea bargain that the accused could accept or reject." *United States v. Runck*, 601 F.2d 968, 970 (8th Cir.1979), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980). As the Eighth Circuit Court of Appeals said in *Runck:*

> While it is true that restitution is merely a condition of probation, the comparative magnitude of the amount of restitution here created a material change in the plea bargain. Although it would be unmanageable and impractical to require every possible condition of probation to be included in a plea bargain, the condition of payment of a sizeable sum of money should have been discussed. While the condition of restitution of a small amount might be acceptable because it would not necessarily materially alter the expectations of the parties to the bargain, restitution of a large amount should have been part of the plea bargain or the possibility of its inclusion as a condition of probation made known and agreed to by the bargainers.

601 F.2d at 970.

Because this was never done, we remand to the trial court for resentencing. At such

time, appellant may withdraw his guilty plea and face trial or agree to the payment of $2,000 to the victims. *Cf. State v. Benson,* 330 N.W.2d 879, 880–81 (Minn.1983) (defendant's mistaken understanding about the presumptive sentence is a ground for letting him withdraw the guilty plea and stand trial; alternatively, defendant could let the trial court resentence him). Of course, the trial judge may consider modifying the probation conditions.

## DECISION

We remand to the trial court for resentencing. Appellant must be given an opportunity to (1) agree to the order requiring payment of $2,000, (2) withdraw his guilty plea and face trial, or (3) agree to modified conditions of probation.

Remanded.