**STATE of Minnesota, Respondent,**

**v.**

**Betty Lou CHAPMAN, Appellant.**

**No. C7–84–1848.**

Court of Appeals of Minnesota.

Feb. 19, 1985.

Review Denied May 1, 1985.

Gregory E. Korstad, Isanti County Atty., Cambridge, for respondent.

Douglas W. Thomson, Deborah Ellis, Thomson & Hawkins, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, for amicus curiae Atty. Gen. of State of Minn.

Heard, considered and decided by CRIPPEN, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a sentence entered following a plea of guilty to embezzlement of public funds and felonious theft. Appellant Betty Lou Chapman challenges the amount of restitution ordered and the durational departure, ordered without written findings. We reverse and remand.

## FACTS

Appellant Chapman, an employee of the Cambridge State Hospital, was charged with eight counts of aggravated forgery, embezzlement, and theft following an audit by the Legislative Auditor. Chapman, who had been employed at the hospital since 1974, was responsible for both the accounting and disbursement of monies in the Social Welfare Fund.

Chapman pled guilty to Count III, the embezzlement of public funds totaling $15,-747.97, and Count V, the theft of funds totaling $1,071.65. The sum of these amounts, $16,819.62, is the amount of restitution recommended in her sentencing proposal. Since the amount charged in Count III included that alleged in Count V, however, the total amount to which she pled was the figure alleged in Count III, $15,-747.97.

The trial court, following the recommendation of the presentence investigation, set restitution at $47,656.95, the full amount covered by the false reports and authorizations charged against Chapman (Count II— aggravated forgery).

The legislative audit is complex, involving six accounts in the Social Welfare Fund from which monies may have been taken. The total loss claimed by the state, however, is well-summarized in the presentence investigation:

> The auditing process, which was conducted from 9–82 through 6–83, revealed a total shortfall of $47,656.95 in the Social Welfare Fund accounts managed by defendant. The audit included the four year period from 1979 through 1982, and indicated approximately $11,000.00 were taken in 1979, approximately $14,000.00 in 1980, approximately $13,000.00 in 1981, and approximately $9,500.00 in 1982. The larceny was accomplished by either altering cash withdrawal authorizations, or submitting them twice for payment. * * * Investigator Schmidt indicated there is no question that all of the missing funds are attributable to defendant.

Chapman admitted taking money from the hospital when the shortfall was discovered, and she met with a hospital administrator. She did not, however, mention any specific amount. The probation officer's interview with her is summarized, in part, as follows:

> Defendant states she thinks she began taking money in 1978 or 1979, but could have begun before that. She says the money was taken out of the petty cash

fund, which held up to $750.00 at any given time. She would typically get the money by either altering cash withdrawal requests and pocketing the difference, or submitting the same withdrawal request more than once. She claims she never took more than $100.00 in any given week.

The plea agreement neither mentioned nor resolved the issue of restitution. The parties agreed that Chapman would plead guilty to Counts III and V in exchange for the prosecutor's promise to dismiss the remaining six counts. The prosecutor and defense counsel also agreed to make a joint recommendation that the court not depart from the sentencing guidelines.

Using the *Hernandez* method, which would assign her a criminal history score of one for the embezzlement offense, Chapman's presumptive sentence was 15 months stayed. The trial court, following the presentence investigation, which noted the guidelines definition of a "major economic offense" and recommended a double durational departure, sentenced her to 30 months stayed. The court ordered 10 years' probation, conditioned on 6 months in the County Jail (on Huber work release), and payment of restitution in the full amount of $47,656.95, at the rate of $400 per month.

## ISSUES

1. Did the trial court err in requiring Chapman to make restitution of the sums alleged in the counts to which she did not plead guilty?

2. Did the trial court err in departing from the guidelines' presumptive sentence without providing written reasons?

## ANALYSIS

*1. Restitution*

■ The supreme court, in a recent case involving restitution for sexual abuse victims, has stated that "the word 'restitution' connotes restoring or compensating the victim for his loss." *State v. Fader*, 358 N.W.2d 42, 48 (Minn.1984). The amount of restitution, therefore, is based on the victim's loss. *Id.*

The fact which distinguishes this case is that a plea agreement was accepted, with no mention of the amount of restitution. *Cf., State v. Muller*, 358 N.W.2d 72 (Minn. Ct.App.1984) (restitution ordered following jury verdict, certification of victim's losses).

In *State v. Noreen*, 354 N.W.2d 77 (Minn. Ct.App.1984), this court considered the issue of restitution not bargained-for in the plea agreement, where the trial court ordered restitution of $2,000 to two victims of child sexual abuse. We stated as follows:

> A guilty plea must be accurate, voluntary and intelligent. *State v. Trott*, 338 N.W.2d 248, 251 (Minn.1983). The defendant must understand the consequences of his plea. *Id.* In this case, the trial court imposed additional conditions of probation which were not contemplated by the plea agreement.
>
> Rule 15.04, subd. 3(1) of the Minnesota Rules of Criminal Procedure indicates the trial judge "shall reject or accept the plea of guilty on the terms of the plea agreement." The order of restitution here should have been "articulated in the plea bargain or in a proposed amended plea bargain that the accused could accept or reject."

354 N.W.2d at 78 (quoting *United States v. Runck*, 601 F.2d 968, 970 (8th Cir.1979)).

In *Noreen*, a sex abuse prosecution, restitution was not included in the plea agreement. Here, there is a property offense, in which the defendant volunteered restitution when the shortages were first discovered. Restitution was not discussed in the plea agreement, but restitution in some amount was clearly contemplated by the parties, and included in Chapman's own sentencing proposal.

In *Runck*, the defendant, in a property offense prosecution, plea bargained with no provision for restitution. The court ordered restitution in an amount to be determined by the probation office. The total loss to the victim was over $100,000. The

Eighth Circuit Court of Appeals held as follows:

> While the condition of restitution of a small amount might be acceptable because it would not necessarily materially alter the expectations of the parties to the bargain, restitution of a large amount should have been part of the plea bargain or the possibility of its inclusion as a condition of probation made known and agreed to by the bargainers.

601 F.2d at 970.

■ The difference in this case between the restitution ordered and that proposed by Chapman, a difference of approximately $31,000, is substantial. Although some restitution was contemplated, we do not believe that a plea agreement, voluntarily and intelligently entered into, should include such a gamble on the amount of restitution. The better practice would have been for the parties to enter on the record their understanding of the plea agreement's effect on restitution.

■ Chapman argues that she should have the benefit of a plea bargain wherein restitution is limited to amounts charged in the counts to which she pled. The record, however, discloses an agreement only to leave restitution to the trial court. The court's sentence, therefore, did not violate any provision of the plea bargain, but rather went beyond its terms.

■ We are concerned, however, that the restitution ordered includes amounts charged in the complaint, on counts dismissed pursuant to the plea, for which the plea itself does not provide a factual basis. Although courts have wide discretion in ordering reasonable restitution, *see, State v. Wentz,* 343 N.W.2d 667 (Minn.1984), it is assumed there must be a basis in fact for establishing the victim's loss. *See, State v. Fader.* In cases going to trial, there is a jury verdict establishing liability, and either evidence at trial or post-trial certification establishing the amount of the loss. *See, e.g., State v. Muller* ($10,000 restitution supported by certification of $13,000 loss). While the legislative audit is more

than adequate as a certification of the victim's loss, we are not convinced that Chapman's informal admissions, not affirmed at the sentencing hearing, provide an adequate basis for her own liability. It should be borne in mind that the state may bring a civil suit against Chapman for any sums claimed but which are not covered by the counts to which she pled.

Accordingly, we remand to the trial court to provide Chapman an opportunity to withdraw her plea and go to trial, or to negotiate another plea agreement with an explicit provision for the amount of restitution.

*2. Departure without written reasons*

The sentencing guidelines provide as follows:

> When departing from the presumptive sentence, a judgment must provide written reasons which specify the substantial and compelling nature of the circumstances, and which demonstrate why the sentence selected in the departure is more appropriate, reasonable, or equitable than the presumptive sentence.

Section II.D.

■ It is not necessary to reach the issue of the sentencing departure, since a new sentencing hearing will be required. However, in case of a plea agreement or conviction on remand, the trial court should provide written reasons before departing from the presumptive sentence.

### DECISION

The restitution ordered was beyond the terms of the plea agreement. We reverse and remand for a withdrawal of the plea and negotiation of a new plea agreement or a trial on the offenses charged.

Reversed and remanded.