**STATE of Minnesota, Respondent,**

v.

**Brian RUPPRECHT, Appellant.**

**No. C2–85–1489.**

Court of Appeals of Minnesota.

Feb. 4, 1986.

Review Denied March 14, 1986.

Hubert H. Humphrey, III, Atty. Gen., Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, David M. Olin, Pennington Co. Atty., Thief River Falls, for respondent.

Steven P. Russett, St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, JJ., with oral argument waived.

### SUMMARY OPINION

HUSPENI, Judge.

### FACTS

Appellant Brian Rupprecht was charged with aiding Carlyle Olson and Roger Walker in burglarizing the Rusty Nail Bar and Lounge in Thief River Falls around July 8–9, 1984.[1] Appellant waived a jury trial and agreed to submit his case to the trial

---

1. Walker's conviction for third degree burglary and theft was affirmed by this court in *State v.*

*Walker,* 372 N.W.2d 743 (Minn.Ct.App.1985).

court based on evidence previously presented in Olson's trial.[2] *See State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980).

The evidence showed that the intruders entered through the roof, went down the ventilation air shaft and broke a hole in the ceiling. Investigation revealed three distinct sets of footprints leading from the edge of the building to a hole in the roof which led to the air shaft; the same set of prints were found on a dumpster and shed near the side of the building. One set of prints appeared to have been made by a pair of tennis shoes with the word "TRAX" on the sole. Samples of fiberglass insulation in the air shaft and photographs of the footprints were taken.

A search warrant was subsequently obtained to search appellant's residence and appellant was thereafter arrested. At the time of his arrest, appellant was wearing tennis shoes with the word "TRAX" on them. A BCA analyst determined that appellant's tennis shoes contained fiberglass fragments consistent with the fiberglass insulation in the Rusty Nail. The BCA analyst also found appellant's shoes matched the sole pattern, size and wear pattern of the footprints found on the roof of the Rusty Nail. In addition, the evidence showed that on July 8 appellant was with Walker and Olson, two former employees of the Rusty Nail. Appellant and Olson were also seen ducking out of a police officer's sight near a 7–11 store a few blocks from the Rusty Nail in the early morning hours of July 9. Appellant was found guilty by the trial court of burglary in the third degree.

### DECISION

1. Appellant challenges the sufficiency of the evidence to sustain his conviction. We have reviewed the record and find there was ample evidence to support appellant's conviction.

2. Appellant personally challenges the admission of evidence seized during execution of a search warrant at his home.

2. Olson was also convicted; his appeal is currently pending.

Walker, Olson and appellant participated in a joint omnibus hearing on this issue and the trial court denied a motion to suppress. In *Walker,* we upheld the search warrant used to search Walker's home based on an affidavit which was similar to the affidavit used to search appellant's residence. *See Walker,* 372 N.W.2d at 745. There is no need to reconsider the issue already raised and discussed in *Walker.* The search warrant used to search appellant's home was properly obtained.

Affirmed.