STATE of Minnesota, Respondent,

v.

Carlyle Durwin OLSON, Appellant.

No. C4–85–1235.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, David M. Olin, Pennington Co. Atty., Thief River Falls, for respondent.

C. Paul Jones, Public Defender, Anne M. Lewis, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This appeal challenges an order of restitution to burglary victims. Appellant contends that because he was acquitted of the related theft charge it was improper to order any restitution for amounts stolen. We affirm.

## FACTS

Appellant Carlyle Olson was convicted for aiding Roger Walker and Brian Rupprecht in burglarizing the Rusty Nail Bar and Lounge in Thief River Falls around July 8–9, 1984.[1] He was found not guilty of theft. Physical damage caused by the break-in totaled $937. Other losses, as documented by the owner, consisted of the following:

| | |
|---|---|
| Video game and pool tables | $1,000.00 |
| Money from two tills | 500.00 |
| Money from change box | 400.00 |
| Money from video bank | 100.00 |
| Money from waitress bar bank | 40.00 |
| Money from bar business | 4,200.00 |
| Money from office change box for cigarette machine | 250.00 |
| Money from office change bag | 400.00 |
| Money from private Canadian funds | 560.00 |

The trial court sentenced appellant to 15 months, stayed execution, and placed appellant on probation for five years. One of the conditions of probation included paying restitution of approximately $8,400. Appellant objected to paying restitution on the ground that he was acquitted of theft and should not owe any restitution other than for damage caused by the break-in. The trial court, following a restitution hearing, dismissed appellant's argument on the ground that appellant clearly participated in the break-in for the purpose of taking money and that about $8,400 was subsequently taken.

## ISSUE

Did the trial court abuse its discretion in ordering restitution when appellant was convicted of burglary and acquitted of theft?

## ANALYSIS

Appellant does not contest the restitution for the property damaged as a result of the break-in. Rather, he claims that restitution cannot be ordered for property taken as a result of the burglary when he was convicted of burglary but acquitted of the related theft charge.

The trial court has broad discretion in imposing restitution. *State v. Muller*, 358 N.W.2d 72, 76 (Minn.Ct.App.1984). In ordering restitution, a court must determine the amount of economic loss to the victims. *State v. Fader*, 358 N.W.2d 42, 48 (Minn. 1984). Restitution is not necessarily based on amounts *stolen*. In *Fader*, for example, the economic loss to the rape victim included costs of necessary treatment and related expenses. *Id.* Here, there is evidence which supports the trial court's conclusion that the losses for which restitution was ordered were caused by appellant's criminal conduct. There is no contrary evidence that the losses did not arise out of the burglary in which appellant was involved.

Appellant contends that the trial court in effect "is punishing appellant for an offense of which he was acquitted at trial." We cannot agree. Appellant is being punished for the burglary, not the theft.

Appellant's attempt at analogizing cases involving guilty pleas is not persuasive. In *State v. Chapman*, 362 N.W.2d 401 (Minn. Ct.App.1985), *pet. for rev. denied*, (Minn.May 1, 1985), Chapman, pursuant to a plea agreement, pleaded guilty to some counts and other counts were dismissed. The court ordered restitution on all counts.

---

1. Walker's conviction for burglary and theft was affirmed in *State v. Walker*, 372 N.W.2d 743 (Minn.Ct.App.1985); Rupprecht's conviction for burglary was affirmed in *State v. Rupprecht*, 381 N.W.2d 25 (Minn.Ct.App.1986).

We remanded the restitution as beyond the terms of the plea agreement. *Id.* at 404. In doing so we did not agree with Chapman's contention that restitution is limited to amounts charged in the counts to which she pled. *Id.* Rather, we indicated the restitution ordered covered amounts on counts dismissed pursuant to the pleas for which the plea itself did not provide a factual basis. *Id.* Similarly, in *State v. Noreen,* 354 N.W.2d 77, 78 (Minn.Ct.App. 1984), we held the restitution order changed the nature of the plea agreement.

Appellant relies on *People v. Winquest,* 115 Mich.App. 215, 320 N.W.2d 346 (1982). There, the defendant was charged with carrying a dangerous weapon and two counts of assault after a bat-swinging incident at a party involving three different persons. Defendant was convicted on the weapons charge and was acquitted of assault. One of the conditions of probation included restitution for injuries to one of the complainants defendant was acquitted of assaulting. The appeals court held that "a defendant may not be required to make restitution for damages arising out of a crime for which he was tried and acquitted;" *Id.* at 222, 320 N.W.2d at 349.

If appellant here had been convicted of burglary of the Rusty Nail and acquitted of theft involving a totally separate entity, we agree that restitution to the second victim would be improper. But where the victim's losses are directly caused by appellant's conduct for which he was convicted there is nothing improper in ordering restitution.

## DECISION

The trial court did not abuse its discretion in ordering appellant to pay restitution to the victim of the burglary for losses directly caused by the burglary.

Affirmed.