UNITED STATES of America

v.

HAWTHORNE, Sylvane, Appellant.

No. 86–1168.

United States Court of Appeals, Third Circuit.

Argued Oct. 29, 1986.

Decided Dec. 5, 1986.

William T. Cannon, (argued), Philadelphia, Pa., for appellant.

Bucky P. Mansuy, (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before ADAMS, HIGGINBOTHAM, Circuit Judges, and VAN DUSEN, Senior Circuit Judge.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, JR., Circuit Judge.

Appellant Sylvane Hawthorne appeals from the order of the district court denying appellant's motion for correction of sentence requesting a reduction of the amount of restitution imposed as a condition of her probationary sentence. We must decide whether the district court erred in imposing an order of restitution in the amount of $28,280.00, where the dollar amount charged in the counts upon which appellant's plea of guilty was tendered was $231.00.

### I.

On October 30, 1985, the grand jury returned a 69–count indictment against defendant/appellant Sylvane Hawthorne and two co-defendants. Specifically, Hawthorne was charged with one count of conspiracy, in violation of 18 U.S.C. § 371 (1982); thirty counts of making false statements, in violation of 18 U.S.C. § 1001

(1982); nine counts of mail fraud, in violation of 18 U.S.C. § 1341 (1982); one count of false representation of a Social Security number, in violation of 42 U.S.C. § 408(g)(2) (1982); and twenty-three counts of unauthorized possession of food coupon authorizations, in violation of 7 U.S.C. § 2024(b) (1982).

On December 30, 1985, pursuant to a plea bargain agreement, Hawthorne entered a plea of guilty to one count of mail fraud (Count 26), one count of false representation of a Social Security account number (Count 33), and one count of unauthorized possession of food coupon authorizations (Count 40). The pleas were entered pursuant to Federal Rule of Criminal Procedure 11(e)(1)(A), with the government agreeing to move the district court to dismiss the remaining counts of the indictment.

█ Subsequently, Hawthorne was sentenced to two years incarceration and a fine of $10,000.00 on Count 40. On Count 26, Hawthorne received a suspended sentence. On Count 33, the focus of this appeal, the district court, in apparent reliance on the Government's Sentencing Memorandum,[1] see App. at 12–17, sentenced Hawthorne to four years incarceration, the execution of which was suspended, and a probationary period of five years conditioned upon restitution in the amount of $28,-280.00 payable over the period of proba-

tion. Hawthorne challenges that portion of the district court's sentence that orders payment of $28,280.00, arguing that, absent a plea agreement, restitution may be ordered only for the amount directly attributable to the counts to which she pleaded guilty, viz. $131.00 underlying Count 26 and $100.00 underlying Count 40, or a total of $231.00. The government contends that the district court "properly imposed a condition of full restitution upon Hawthorne because each count to which she pleaded guilty was a small, but essential, step in a unitary scheme." Brief of Appellee at 10.

## II.

Pursuant to 18 U.S.C. § 3651 (1982) a district court is authorized to order restitution as a condition of probation.[2] That section provides: "While on probation and among conditions thereof, the defendant ... [m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." Id. This section has been consistently interpreted in this Circuit to limit the district court's authority to impose restitution to actual damages or loss caused by the offense to which defendant pleads or is convicted. See United States v. Buechler, 557 F.2d 1002, 1007 (3d Cir.1977); United States v. Stoehr, 196 F.2d 276, 283 (3d Cir.1952); United States v. Follette, 32 F.Supp. 953,

---

1. The government's memorandum recommended that Hawthorne "be sentenced to a period of incarceration of at least five years, to be followed by an extensive period of probation, that the maximum fines be imposed, and restitution be ordered in the amount of $28,280." App. at 17. Although we do not address the issue of the accuracy of the $28,280.00 figure, we note that an appellate court's degree of deference is heightened where the district court "specif[ies] the bases for its determination." United States v. Johnson, 700 F.2d 699, 701 (11th Cir.1983). See also United States v. Forzese, 756 F.2d 217, 222 (1st Cir.1985) (where "prosecutor did not itemize the [restitution] figure, and the court adopted his recommendation without asking for or making specific computations," the appellate court was "unable ... to 'ascertain what the district court relied on in arriving at [this] figure'") (quoting Johnson, 700 F.2d at 701).

2. Under § 3651, restitution may only be imposed as a condition of probation. Thus, restitution and incarceration may not be ordered on the same count pursuant to that section. The Victim and Witness Protection Act of 1982, 18 U.S.C. § 3579 (1982), however, broadens the sentencing power of the district court. Under that section, restitution may be ordered in tandem with any other authorized penalty as part of the defendant's sentence. See United States v. Paul, 783 F.2d 84, 86 n. 1 (7th Cir.1986); United States v. Forzese, 756 F.2d 217, 222 (1st Cir.1985). Section 3579 was not invoked in this case, however, see Jt.App. at 72–75, and is applicable only to offenses occurring after the Act's effective date of January 1, 1983. See United States v. Martin, 788 F.2d 184, 188–89 (3d Cir. 1986).

955 (E.D.Pa.1940); *see also United States v. Kutner*, 631 F.Supp. 126 (E.D.Pa.1986) (reviewing the case law construing section 3651).

The government maintains, however, that this Court's recent decisions in *United States v. Martin*, 788 F.2d 184 (3d Cir.1986) and *United States v. Woods*, 775 F.2d 82 (3d Cir.1985), support the proposition that where the count to which the defendant has entered a guilty plea charges one component of a "unitary scheme," the defendant may be required to make full restitution for all of the losses caused by the scheme.[3] The crime charged in Count 33, as characterized by the government, "is the use of a false social security number with the intent to deceive, for the purpose of obtaining payments to which the defendant was not entitled, from 1975 to 1984." Letter Brief of the United States at 2 (Nov. 5, 1986). The government contends that this crime constitutes a unitary scheme and, therefore, that the district court was authorized under § 3651 to order restitution in an amount representing the entire loss suffered as a result of the scheme. The government's argument misses the point of Hawthorne's appeal.

Appellant contends "that pursuant to 18 U.S.C. Section 3651 and this Court's decision in *U.S. v. Buechler*, 557 F.2d 1002 (3d Cir.1977), absent a plea agreement which specifies restitution in an amount greater than the conviction as a condition of probation, or the defendant agreeing to such excess restitution, an order of restitution greater than the conviction is improper." Brief of Appellant at 4.[4] Thus, Hawthorne does not challenge the inference from *Woods* and *Martin* that restitution may properly be imposed in an amount greater than the losses charged in the indictment counts to which a plea is entered if the offense charged constitutes part of a unitary scheme.[5] Rather, Hawthorne maintains that those cases

> did not broaden the authority of the Court to impose restitution as a condition of probation but merely reaffirmed the principle that a court has the authority to order restitution as a condition of probation in an amount exceeding the amount of loss attributable to the particular count for which conviction was had where a defendant *agrees* to make restitution as part of the plea agreement.

Brief of Appellant at 12 (emphasis in original). Although appellant perhaps overstates the limitation on the district court's power to impose restitution as a condition of probation,[5] her position is not without merit.

In *United States v. Buechler, supra*, we reserved the question "whether restitution in an amount exceeding that involved in the count to which a guilty plea is entered may be imposed as a condition of probation,

---

**3.** In *United States v. Woods*, 775 F.2d 82 (3d Cir.1985), we considered the propriety of a restitution order imposed as a condition of probation on defendant's guilty plea to two of thirty-five counts of mail fraud. We recognized there the merit of the unitary scheme theory, stating that "[i]t is the overall scheme that is central to all the counts and gives rise to the victims' financial loss." *Id.* at 88. We concluded that under the circumstances of that case the district court properly imposed restitution on the "total ... amount of loss caused by the defendants' illegal scheme." *Id.*

Similarly, in *United States v. Martin*, 788 F.2d 184 (3d Cir.1986), we noted in dicta that "a scheme to defraud furthered by separate mailings may properly be viewed as one unitary offense," *id.* at 189, and that the district court was authorized pursuant to § 3651 to "order restitution for all losses suffered" as a result of the scheme. *Id.* at 189 n. 6.

**4.** In holding that "[a]t a minimum, ... a defendant is entitled to some notice ... that restitution may be imposed," *see infra* at 12, we implicitly reject this broad claim of appellant.

**5.** Hawthorne does challenge, however, the government's classification of the crime charged in Count 33—false representation of a social security number—as a unitary scheme. *See* Letter Brief of Appellant at 2 (Nov. 10, 1986). We need not decide here whether such a charge constitutes a unitary scheme as contemplated by *Martin* and *Woods*. We note, however, that 18 U.S.C. § 1341 (1982), under which Hawthorne was indicted for mail fraud, specifically contemplates a "scheme or artifice to defraud," *id.,* whereas 42 U.S.C. § 408(g)(2)(1982), which criminalizes the false representation of a social security number with the intent to deceive, does not.

where the defendant explicitly agrees to it as one of the terms of a plea bargain in a multiple count indictment." 557 F.2d at 1008 n. 10.[6] Since *Buechler,* several courts have resolved this question in the affirmative. *See Phillips v. United States,* 679 F.2d 192, 194 (9th Cir.1982) ("when defendant consents pursuant to a plea agreement to pay ... [restitution] ... the Court is bound by law to carry out that specific agreement"); *United States v. McLaughlin,* 512 F.Supp. 907, 908 (D.Md.1981) (court authorized to order full restitution because, *inter alia,* "defendant consents, freely and voluntarily to make full restitution and that it be a condition of probation"). Appellant now urges us to consider the converse of this query and to hold that *absent* such agreement restitution may not be imposed in an amount exceeding that charged in the counts to which a defendant pleads guilty. Although appellant's position is not without support, *see United States v. Whitney,* 785 F.2d 824 (9th Cir. 1986); *United States v. Orr,* 691 F.2d 431 (9th Cir.1982), on this record, we are not prepared to go so far.

■ Our decisions in *Woods* and *Martin* indicate our approval of the broader conception of the term "offense" in § 3651 that has been accepted in other circuits.

*See, e.g., United States v. Davies,* 683 F.2d 1052, 1055 (7th Cir.1982) (offense involved "a continuing scheme to defraud"); *Phillips v. United States,* 679 F.2d 192, 194 (9th Cir.1982) (in mail fraud cases, offense includes fraudulent scheme alleged as element of offense); *United States v. Tiler,* 602 F.2d 30, 34 (2d Cir.1979) (conspiracy to defraud covers actual damages incurred as result of scheme). Under this broader conception, the district court may properly order restitution in an amount exceeding that charged in the particular count(s) to which defendant pleaded guilty. Here, appellant essentially asks us to condition the exercise of that authority on the defendant's explicit agreement thereto. We decline to do so. At a minimum, however, a defendant is entitled to some notice, from the prosecution or the district court, that restitution may be imposed as a result of his or her plea.[7]

■ In the instant case, the failure of the district court and the government to inform Hawthorne of the possibility of restitution cannot be considered to have been without significance. The plea agreement indicates that, although the government specifically maintained that it would recommend that Hawthorne be sentenced to a period of incarceration,[8] restitution in any

---

**6.** A similar question—"whether restitution may be ordered [*as part of the defendant's sentence*] for the entire loss suffered from a fraudulent scheme which included numerous acts ... where in fact the defendant either pleaded to or was convicted of just one such act"—was left open by this court in *United States v. Martin,* 788 F.2d at 188. To the extent that the *Martin* inquiry contemplates non-agreement by the pleading defendant, it is similar to the question reserved in *Buechler.* The *Martin* inquiry, however, concerns the proper construction of § 3579, which prescribes restitution as part of the sentence; the *Buechler* inquiry and the issue before this Court concerns § 3651, which authorizes restitution only as a condition of probation.

**7.** We recognize that, under Federal Rule of Criminal Procedure 11, a district judge is not required to inform a defendant of every conceivable consequence of his or her plea. However, "a judge is free to do so if he feels a consequence of a plea of guilty in a particular case is likely to be of real significance to the

defendant." Fed.R.Crim.P. 11 advisory committee's note (1974 Amendment).

**8.** The plea agreement provided that, "in exchange for the defendant['s] plea[ ] of guilty, the government will, at time of sentencing, move to dismiss all remaining charges in the indictment.... The government ... specifically asserts that it will recommend to the Court that Sylvane Hawthorne be sentenced to a period of incarceration and is free to fully set forth its reasons. There are no other terms or conditions of this plea agreement." Jt.App. at 5. In addition the agreement advised that "Sylvane Hawthorne faces a maximum penalty of 15 years imprisonment, a $25.00 fine, and a $50 assessment to the Victim/Witness Fund." *Id.* at 8. Restitution, however, was *never* mentioned in the context of the plea.

Furthermore, at the Change of Plea Sentencing proceeding, appellant Hawthorne represented her full understanding of the plea agreement to be as follows: "At trial they request that I go to jail." Change of Plea Sentencing, Transcript at 8. According to this record, the first mention

amount was never raised as a possibility either as part of the sentence or as a condition of probation. In *United States v. Runck*, 601 F.2d 968 (8th Cir.1979), the Eighth Circuit considered the question whether the condition of restitution imposed *sua sponte* by the district judge subsequent to a guilty plea substantially altered the plea agreement and exceeded the role of the judge. Noting that "a plea bargain severely limits the discretion of a sentencing judge," *id.* at 970, the court held:

> While the condition of restitution of a small amount might be acceptable because it would not necessarily materially alter the expectations of the parties to the bargain, restitution of a large amount should have been part of the plea bargain or the possibility of its inclusion as a condition of probation made known and agreed to by the bargainers.

*Id.* See also *United States v. Garcia*, 698 F.2d 31, 36 (1st Cir.1983) ("[P]articularly where the amount involved is as large as it is here, restitution is a material condition unlikely to be left to implication. Implying such a condition [subsequent to the negotiated plea] would work a material change in the plea bargain.") *Runck* clearly requires some notice to the defendant of the possible imposition of restitution. We find this reasoning equally applicable here, although we conclude that this Court's opinions in *Woods* and *Martin* do not mandate both notice to *and* agreement from the defend-

ant. Consequently, while we join the *Runck* court in requiring notice, we do not believe that our cases impose a prior agreement requirement on prosecutors or the district courts.

In *Woods* we held that, where "the likelihood of a restitution order and its extent were fully explained ... by the district court before accepting the plea," the defendant could not later vitiate his plea on the ground that restitution was inconsistent with the terms of the plea agreement. 775 F.2d at 83, 86–87. Similarly, considering the effect of the enactment of the Victim and Witness Protection Act of 1982, 18 U.S.C. § 3579 (1982) on the district court's responsibility under Federal Rule of Criminal Procedure 11(c)(1) [9] to ensure that the defendant understands the consequences of his or her plea, the Advisory Committee to the 1985 amendment of Rule 11(c)(1) observed:

> Because this new legislation contemplates that the amount of the restitution to be ordered will be ascertained later in the sentencing process, this amendment to *Rule 11(c)(1) merely requires that the defendant be told of the Court's power to order restitution.* The exact amount or upper limit cannot and need not be stated at the time of the plea.

Fed.R.Crim.P. 11 advisory committee's note (1985 Amendment) (emphasis added). We think the possibility of a restitution order under § 3561 requires no less.[10] Indeed, in

---

of restitution was at the time it was imposed. Jt.App. at 50–51.

**9.** Rule 11 (c)(1) provides:

(c) Advice to Defendant. Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense....

Fed.R.Crim.P. 11(c)(1).

**10.** We recognize that where a defendant is charged with a "unitary scheme" offense all of

the victims of the scheme may not have been identified at the time of the plea, and consequently, the full amount of damages may be unknown *cf. United States v. Roberts*, 619 F.2d 1 (7th Cir.1979) (34,135 aggrieved parties identified representing two-thirds of those harmed by defendant; attempts to contact remaining third ongoing); *United States v. Kutner*, 631 F.Supp. 126 (E.D.Pa.1986) (restitution not limited to victims named in indictment). We note, however, that the defendant is not prejudiced by the absence of an assessment of the "exact amount or upper limit" of a potential restitution order. "The amount of restitution or reparations ordered may be only for such amount of actual damage or loss as has been ascertained with certainty by a court or by stipulation of the parties." *United States v. John Scher Presents, Inc.*, 746 F.2d 959, 963 (3d Cir.1984).

*Woods,* which involved a restitution order as a condition of probation, we noted that under the August 1, 1985 version of Rule 11(c), "the district judge is under an obligation to advise the defendant of the possibility of restitution along with the statutory penalties." 775 F.2d at 87.[11]

In sum, then, where a plea is sought on a count(s) on which restitution in an amount exceeding that charged in the particular count(s) may properly be imposed, the government must in the course of negotiating the plea, inform the defendant of the possibility that restitution will be required, so as to afford the defendant a full opportunity to assess adequately all the consequences prior to entering a plea of guilty. In the absence of a provision for restitution in the plea agreement, the district court must, prior to accepting the plea, inform the defendant of the possibility of its imposition before a subsequent order of restitution in an amount exceeding that charged in the count(s) to which the defendant pleaded may be sustained. Because neither the government nor the district court in the instant case informed Hawthorne of the possibility of restitution prior to her plea agreement, the order for restitution exceeding the amount in the counts to which she pled guilty cannot stand.

## II.

Ordinarily, where a sentence imposed is inconsistent with the terms of a plea agreement, the proper remedy is to remand to the district court to "conform the sentence to the provisions of the plea bargain or allow withdrawal of the plea." *United States v. American Bag & Paper Corp.,* 609 F.2d 1066, 1068 (3d Cir.1979). *See also Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971) (same). In a last-ditch effort to obtain an order of full restitution against Hawthorne, the government urges us to remand this case for resentencing on Count 26, which charges Hawthorne with mail fraud.[12] This we cannot do. Indeed, a remand to the district court with permission to impose restitution on another count to which Hawthorne entered a plea of guilty would undermine the basis of this opinion. The omission of any reference to restitution in the plea agreement and the lack of any indication by the district court of its power to impose restitution prior to the acceptance of the plea preclude the imposition of restitution on any of the counts to which Hawthorne entered a plea in amounts exceeding those actually reflected in those counts, *viz.* $231.00.[13]

We recognize, however, that the district court may have imposed a different

**11.** The 1985 amendment to Rule 11(c) pre-dated Hawthorne's Change of Plea Sentencing proceeding which was conducted on December 30, 1985.

**12.** The government's sole concern on this appeal appears to be that restitution for all the losses caused by Hawthorne's offenses be imposed, for the government has expressed no dissatisfaction with the remaining aspects of Hawthorne's sentence. Nor has it, in anticipation of this Court's possible rejection of the restitution order on Count 33, suggested any other modification of appellant's sentence other than the imposition of restitution on Count 26.

In *United States v. Paul,* 783 F.2d 84 (7th Cir.1986), the Seventh Circuit considered whether the district court could properly transfer a restitution order, imposed in violation of § 3561, from one count of embezzlement on which imprisonment was also imposed, to another count of embezzlement for which no imprisonment had been imposed. The Seventh Circuit held that the district court properly shifted the restitution to the second count to which

Paul had pleaded guilty. *See id.* at 87. Two factors distinguish *Paul* from this appeal. First, in *Paul* both the original count on which restitution was imposed and the second count to which the restitution order was moved charged the defendant with the *same* offense, embezzlement. Here, Counts 26 and 33 charge appellant with mail fraud and false representation of a Social Security number, respectively. More important for the purposes of this appeal, in *Paul* the district court specifically informed the defendant that " 'in addition to a maximum sentence ... I can impose upon you the requirement that you make restitution up to the amount approved by the government. Asked whether she understood, Mrs. Paul replied affirmatively." *Id.* at 86. Hawthorne never received such notice.

**13.** Subsection (h) of Rule 11 provides:

> (h) Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

sentence on Count 33 were restitution in the first instance unavailable as an option. Under the terms of the plea agreement, the district court could have sentenced Hawthorne to a maximum of five years imprisonment and a five thousand dollar ($5,000) fine on Count 33.[14] Instead, the court suspended execution of a five year term of imprisonment, conditioned probation on res-

titution, and imposed no fine. Hawthorne insists, however, that due to double jeopardy considerations "[t]his Court can *only* remand this matter to the District Court so that it can modify the sentence to impose restitution in accordance with the amounts stated in the counts to which a guilty plea was entered." Letter Brief of Appellant at

Fed.R.Crim.P. 11. We think that the imposition of restitution in the amount of $231.00, notwithstanding the absence of notice to Hawthorne of the power of the court to impose restitution at all, satisfies the mandates of this section. Moreover, in appellant's motion for correction of sentence, Hawthorne "suggested that restitution cannot exceed $231.00, ... [and requested] that the current sentence of th[e district c]ourt be corrected to reflect the lesser amount of restitution." Joint App. at 57. Thus, if on remand Hawthorne's plea is enforced, the maximum restitution that may be properly imposed— whether as a condition of probation or as part of a sentence—is two-hundred and thirty one dollars ($231.00).

**14.** The maximum sentences allowable on the remaining counts to which Hawthorne pled were five years imprisonment and a ten thousand dollar ($10,000) fine on both Counts 26 and 40. *See* Jt.App. at 8. In *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), the Supreme Court reviewed this Court's affirmance of Busic's convictions and sentences under two statutes which authorized enhanced penalties. The Court reversed our decision, holding that a statute authorizing the imposition of enhanced penalties on a defendant who uses or carries a firearm while committing a federal felony may not be applied to a defendant who uses a firearm in the course of a felony proscribed by a statute that itself authorizes enhancement if a dangerous weapon is used. *See id.* at 404, 100 S.Ct. at 1751 ("enhanced sentencing under [statute proscribing use of a firearm in the commission of a felony] is simply not permissible where the predicate felony statute contains its own enhancement provision"). In remanding the case, the Court declined to consider whether this Court could properly vacate the legal as well as the illegal part of Busic's sentence and remand to the district court for resentencing on all counts. *See id.* at 412 n. 19, 100 S.Ct. at 1756 n. 19. On remand, we considered the issue left open by the Court and held that, "where the sentences [are] interdependent, we believe an appellate court, vacating one of those sentences, can vacate the other sentence even if its imposition is not specifically raised on appeal," *United States v. Busic*, 639 F.2d 940, 947 (3d Cir.1981), so as to afford the district court the opportunity to fulfill its original sentencing intentions. *Id.* As part of the district court's resentencing discre-

tion, *Busic* authorized the imposition of an increased sentence on the otherwise unchallenged count(s) where that is necessary to achieve the district court's original sentencing intentions. *See id.* at 950.

In the instant appeal, the government argues that our opinion in *Busic* authorizes similar disposition of Hawthorne's unchallenged sentences. *See* Letter Brief of the Government at 3. (In that regard, it should be noted that the government limits its *Busic* argument to vacation of and resentencing on only Count 26.) By its own terms, however, *Busic* dealt with cases "where the sentences were interdependent," 639 F.2d at 947, and has been cited in this Circuit only in cases involving sentences on counts charging lesser included offenses, *see Government of Virgin Islands v. Soto*, 718 F.2d 72, 75 (3d Cir.1983); predicate offenses, *see United States v. Gomberg*, 715 F.2d 843, 851 (3d Cir. 1983); or merged offenses, *see United States v. Marino*, 682 F.2d 449 (3d Cir.1982). In addition, since *Busic*, at least two other Circuits have expressed reservations as to the propriety of increasing the penalty on an unchallenged legal sentence to compensate for a vacated illegal sentence where the sentences involved were not interdependent. *See United States v. Jefferson*, 760 F.2d 821, 824 n. 1 (7th Cir.1985) ("We do not decide here whether, in a context ... in which the various counts are not interrelated[,] ... increasing the sentence on one count to compensate for a vacated illegal sentence would violate due process under [*North Carolina v.] Pearce*, [395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) ]); *McClain v. United States*, 676 F.2d 915, 918 (2d Cir.1982) (accepting this Court's holding in *Busic* that "the Double Jeopardy Clause does not prohibit, on resentencing after an appeal by defendant of a sentence on one count and vacatur of the entire sentence, imposition of a higher sentence on the remaining count," with the qualification that "what we have said above is in no way addressed to a situation involving concurrent or non-interlocking sentences"). Although what constitutes an interrelated sentence was not defined by this Court in *Busic*, the *Jefferson* court recognized an interrelatedness where "the evidence for the illegal counts was also the evidence for the legal counts." 760 F.2d at 824 n. 1. Because we will remand for resentencing only as to Count 33, we need not address this issue.

2 (Nov. 10, 1986) (emphasis added). Appellant misperceives the law.

In *United States v. Busic*, 639 F.2d 940 (3d Cir.1981), this Court conducted an exhaustive review of the law of double jeopardy. As we noted in *Busic*, contrary to appellant's contention, it is well settled that "correction of an illegal sentence by resentencing does not implicate double jeopardy rights." *Id.* at 946–47 (citing *United States v. Denson*, 603 F.2d 1143, 1148 (5th Cir.1979)(en banc)). Our disposition of this case simply does not implicate double jeopardy considerations. Moreover, the district court's authority on remand to "conform the sentence to the provisions of the plea bargain," *American Bag & Paper Corp., supra*, contemplates the authority to impose the maximum sentence, absent the excised illegality, that could have properly been imposed in the first instance. Thus, although the district court, if it elects to impose restitution, is limited to that amount charged in the counts to which Hawthorne entered a plea, the court may impose a fine of up to five thousand dollars ($5,000) and a term of imprisonment up to five years if such penalties are appropriate at the time of resentencing.[15] Accordingly, the decision of the district court will be reversed, and the case will be remanded to the district court for resentencing on Count 33 in accordance with this opinion.

---

**15.** *See United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), where the Court stated, *inter alia,* that "the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." *Id.* at 137, 101 S.Ct. at 438; *see also Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818

(1947); A. Campbell, Law of Sentencing § 59, pp. 196–98 (1978 & Supp.1986).

Of course, upon remand the district court must resentence in accordance with the due process considerations enunciated by the Supreme Court in *North Carolina v. Pearce. See* 395 U.S. 711, 723–26, 89 S.Ct. 2072, 2079–81, 23 L.Ed.2d 656 (1969).