*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1947**

Kenneth Ernest Poland, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed September 28, 2015
Affirmed
Reyes, Judge**

Mille Lacs County District Court
File No. 48CR131377

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Damien F. Toven, Milaca County Attorney, Princeton, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Harten, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**REYES**, Judge

Appellant Kenneth Ernest Poland challenges a postconviction court's denial of his petition for postconviction relief. Poland argues that there was no factual basis for the restitution amount ordered by the district court and that the postconviction court erred by denying his petition and allowing him to withdraw his guilty plea rather than just vacating the restitution order altogether. We affirm.

## FACTS

In July 2013, Poland was at Geno's Bar in Onamia when he came into contact with his neighbor S.D. Poland and S.D. got into an altercation after S.D. started yelling at him. Officer Sletten was called to the scene and advised Poland to return to his apartment and have no further contact with S.D. for the night. According to the criminal complaint, Officer Sletten was called to Poland's apartment complex approximately 30 minutes later. He was advised by dispatch that Poland had attempted to push open the screen door and inner door of S.D.'s house across the street and had broken a wooden railing leading up to the patio. The criminal complaint also alleged that Officer Sletten discovered Poland attempting to leave the apartment parking lot in a vehicle. After he put his spotlight on Poland's vehicle, Poland got out and charged at Officer Sletten. Poland was placed under arrest and was charged with misdemeanor disorderly conduct-brawling or fighting and fourth-degree criminal damage to property.

A plea agreement was reached wherein Poland pleaded guilty to the misdemeanor disorderly conduct charge, and the criminal damage to property charge was dismissed.

No plea petition was entered, and the only factual basis for the disorderly conduct charge was established via examination by Poland's counsel on the record. Poland admitted that he created a disturbance in Geno's Bar that caused others to become alarmed. Poland did not admit, however, to any of the conduct relating to the incident at S.D.'s home. When asked if he went over to S.D.'s home after the bar, Poland replied, "I went home." The state had no questions for Poland, and the district court accepted his testimony as a basis for the guilty plea. Poland was sentenced to 90 days stayed subject to one year of probation, $385 in fines and fees, and restitution "as determined by probation within 45 days." The only other reference made to restitution at the plea hearing was when Poland's counsel recited the terms of the plea, stating "restitution as determined by the probation agent within 45 days."

Mille Lacs County Probation filed a request for restitution on behalf of S.D. The state conceded that the only damages asserted were to S.D.'s property.[1] On September 3, 2013, the district court ordered restitution in the amount of $393.98. A motion to challenge restitution was filed on September 26, 2013, and a hearing was set for October 17, 2013. Prior to the hearing, Poland failed to file a detailed sworn affidavit contrary to the requirements of Minn. Stat. § 611A.045, subd. 3(a) (2014). Poland's counsel requested a one-week continuance to allow time to serve the affidavit, but the district court denied this request and denied Poland's motion because he failed to comply with section 611A.045, subdivision 3.

---

[1] The claim-loss affidavit described damage to S.D.'s cedar post, rail panel, sliding screen door, storm door, and door handle.

On June 18, 2014, Poland filed a petition for postconviction relief, requesting that the restitution award be vacated because it was unsupported by the facts in the record. In his memorandum accompanying his motion, Poland asserted that there was "no specific condition of the plea agreement that restitution would be paid to [S.D.] rather than to Geno's Bar where the disorderly conduct occurred." The state contested this point at the hearing, claiming that "[i]t was clearly articulated and agreed upon that the restitution as it pertains to the alleged criminal damage to property was going to be a part of [the plea agreement]." The postconviction court denied Poland's request to vacate the order but gave him 30 days to withdraw his guilty plea. This appeal followed.

## D E C I S I O N

"Generally, a [district] court has wide discretion in ordering restitution." *State v. Anderson*, 520 N.W.2d 184, 187 (Minn. App. 1994). But when restitution is ordered as part of a plea agreement, the district court's discretion with respect to restitution is "severely limited" because the court must accept or reject the guilty plea on the agreement's terms. *Id.*; Minn. R. Crim. P. 15.04, subd. 3(1). Accordingly, when restitution is made a part of a plea bargain, its specific form will be left to the parties to negotiate. For instance, this court has upheld restitution orders in which the parties agreed to pay restitution to non-victims. *See State v. Wallace*, 545 N.W.2d 674, 677 (Minn. App. 1996), *review denied* (Minn. May 21, 1996) (affirming an order directing a defendant to pay restitution to the "buy fund" of a police drug task force because the defendant agreed to do so in the plea agreement). The district court's limited discretion

4

in this matter stems largely from the courts' use of contract law in analyzing plea agreements. *See id.*

"In Minnesota, plea agreements have been analogized to contracts and principles of contract law are applied to determine their terms." *In re Ashman*, 608 N.W.2d 853, 858 (Minn. 2000). Plea agreements "represent a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters." *State v. Meredyk*, 754 N.W.2d 596, 603 (Minn. App. 2008) (quotation omitted). Where, as here, plea agreements involve multiple crimes, this court has recognized that such agreements "are often intricate and require a delicate balancing of competing considerations." *State v. Montermini*, 819 N.W.2d 447, 455 (Minn. App. 2012) (quotation omitted). Essentially, we view these types of plea agreements holistically and recognize that changing any one part of the agreement could alter its validity. *See State v. Misquadace*, 629 N.W.2d 487, 491 (Minn. App. 2001) (stating that, in a plea agreement involving multiple crimes where "[e]verything was interrelated . . . it would be inappropriate for this court to make piecemeal corrections without regard to the effect of the corrections on the plea bargain"), *aff'd*, 644 N.W.2d 65 (Minn. 2002).

The present plea agreement involved a number of terms, one of which was that Poland agreed to pay restitution "as determined by probation within 45 days." Poland argues that when the parties included restitution as part of the plea agreement, it was understood that it would be restitution *solely* for the conduct related to the disorderly conduct charge. Because there was no restitution resulting from the incident at Geno's

Bar, Poland contends that the restitution order must be vacated for a lack of factual basis. Such an argument would be persuasive if the plea agreement was clearly limited to restitution relating only to the disorderly conduct charge. But the record belies this claim. In describing the criminal damage to property charge, the criminal complaint alleges that Poland "intentionally cause[d] damage to the physical property of another . . . by breaking a hand rail and damaging a screen door." The complaint further alleges that Poland "attempted to push open the screen door and inner door of [S.D.'s] house . . . after he broke off the wooden log stair rail on the steps leading up to the patio." This conduct is all related to the criminal damage to property charge and, in fact, the complaint contains no indication that any damage occurred at Geno's Bar. Therefore, when the parties were contemplating restitution as a part of the plea agreement, they were necessarily including a promise to pay restitution for conduct relating to the later-dismissed criminal damage to property charge. Because "[a]n unqualified promise made as part of a plea agreement must be honored," the postconviction court properly denied Poland's petition. *Meredyk*, 754 N.W.2d at 603.

The procedural posture of this case further supports this conclusion.[2] In a petition for postconviction relief, the petitioner has the burden "to set forth facts entitling [the

_____

[2] We note that the timeliness of Poland's petition for postconviction relief is not at issue. Poland challenged the district court's restitution order within 30 days. *See* Minn. Stat. § 611A.045, subd. 3(b) (2014). After his challenge was denied, Poland did not file a direct appeal within 90 days. *See* Minn. R. Crim. P. 28.05 (setting a 90-day deadline in filing an appeal from a sentence imposed); *State v. Borg*, 834 N.W.2d 194, 197 (Minn. 2013) ("[W]e conclude that court-ordered restitution is part of a defendant's sentence."). But Poland is still entitled to a right of review of the district court's decision. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) ("The salient feature of

petitioner] to the relief requested." *State v. Turnage*, 729 N.W.2d 593, 599 (Minn. 2007); *see also* Minn. Stat. § 590.04, subd. 3 (2014). Here, Poland has simply made conclusory assertions that the parties understood that restitution applied only to the disorderly conduct charge. This unsupported statement is contradicted by the criminal complaint and the state's claims. Poland's assertion alone without any factual support is not enough to satisfy his burden. *Turnage*, 729 N.W.2d at 599 ("[T]o carry this burden, petitioners must do more than offer conclusory, argumentative assertions, without factual support."). Therefore, Poland's petition was properly denied.

Finally, the postconviction court appropriately relied on *State v. Chapman*, to craft a remedy allowing Poland to withdraw his guilty plea if he so chooses. 362 N.W.2d 401 (Minn. App. 1985), *review denied* (Minn. May 1, 1985). Therein Chapman, pursuant to a plea agreement, pleaded guilty to some counts while other counts were dismissed. *Id.* at 402-03. Restitution was not explicitly discussed in the plea agreement but "restitution in some amount was clearly contemplated by the parties, and included in Chapman's own sentencing proposal." *Id*. at 403. The district court, however, ordered restitution on all counts totaling approximately $31,000 more than what Chapman proposed. *Id*. at 404. We determined that the amount ordered by the district court went so substantially beyond the agreement's terms that the parties could not have contemplated that amount when they entered into the agreement. *Id.* ("Although some restitution was contemplated, we do not believe that a plea agreement, voluntarily and intelligently entered into, should

_____

[section 590] . . . is that a convicted defendant is entitled to at least one right of review by an appellate or postconviction court.") Therefore, his appeal is timely.

7

include such a gamble on the amount of restitution."). In other words, the restitution amount order in *Chapman* affected the validity of the original plea agreement. We remanded in order to "provide Chapman an opportunity to withdraw her plea and go to trial, or to negotiate another plea agreement with an explicit provision for the amount of restitution." *Id.* Importantly, we remanded not because restitution was ordered for dismissed charges, but rather because the restitution order went beyond the terms of what was voluntarily and intelligently agreed upon. *Id.* (stating that the district court's sentence did not violate any provision of the plea bargain, but rather went beyond its terms); *see also State v. Olson*, 381 N.W.2d 899, 901 (Minn. App. 1986) (discussing *Chapman* and clarifying that in remanding, this court "did not agree with Chapman's contention that restitution is limited to amounts charged in the counts to which she pled").

*Chapman* is analogous. In arguing that restitution applied solely to the disorderly conduct charge, Poland assumes that there was an initial valid plea agreement. But as was made apparent during the postconviction proceedings, the parties have differing viewpoints about what exactly was agreed upon with regard to restitution. This raises questions as to the agreement's validity. If Poland wishes to argue that he did not voluntarily and intelligently enter into an agreement to pay restitution on the dismissed charge, it is within the postconviction court's discretion to allow him the opportunity to withdraw his guilty plea and go to trial or to negotiate another plea agreement.

**Affirmed.**

8