835 F.2d 875
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joyce Ann COPPICK, Defendant-Appellant.
 No. 86-7226.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1987.
Decided Dec. 3, 1987.
 
 Before JAMES DICKSON PHILLIPS, CHAPMAN, and WILKINS, Circuit Judges.
 Joyce Ann Coppick, appellant pro se.
 Samuel Thomas Currin, United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Joyce Coppick pled guilty to two counts of issuing money orders without receiving payment. 18 U.S.C. Sec. 500. The judge sentenced her to serve five years on the first count and three years on the second count. The judge suspended the second sentence and placed Coppick on five years probation. Coppick was sentenced to pay restitution for money involved in a dismissed charge, and to reimburse the United States Treasury for fees paid to her court-appointed attorney. 18 U.S.C. Sec. 3006A.
 
 
 2
 Coppick filed a Sec. 2255 motion challenging her sentence because she believed her counsel was ineffective and the court unfairly awarded restitution. The district court summarily dismissed the petition and Coppick appealed.[1]
 
 
 3
 Coppick claims that the imposition of restitution for harm resulting from a dismissed charge violated double jeopardy. We find no violation of double jeopardy and note that several circuits have approved the imposition of restitution for harm relating to a dismissed count where there is a showing of the defendant's involvement in the charge. United States v. Hill, 798 F.2d 402 (10th Cir.1986) (restitution allowed for any amount supported by preponderance of evidence); accord United States v. Hawthorne, 806 F.2d 493 (3d Cir.1986) (Sec. 3651 restitution may be ordered for dismissed counts if acts are part of a unitary scheme); cf. United States v. Durham, 755 F.2d 511 (6th Cir.1985) (restitution from bank robber for car burned in getaway allowed although only hearsay evidence connected him to car because robber failed to challenge court's determination). Although Coppick agreed in the plea agreement to make restitution for harm resulting from dismissed counts, her agreement did not obviate the district court's responsibility to ensure that the award of restitution was in compliance with the governing statutory provisions. 18 U.S.C. Sec. 3579, 3580.
 
 
 4
 These provisions require that the district court consider several factors in assessing restitution, and this Court has directed that the district court make explicit fact findings on the statutory factors. 18 U.S.C. Sec. 3580(a); United States v. Bruchey, 810 F.2d 456 (4th Cir.1987). Here, the district court was silent on a number of relevant considerations, such as the financial resources of the defendant and the defendant's dependents and the degree that the victim was compensated for his monetary losses. Similarly, the judge should have considered Coppick's finances before assessing her counsel fees. 18 U.S.C. Sec. 3006A. In addition, the district court failed to limit the restitutionary period to any of the options statutorily available. 18 U.S.C. Sec. 3579(f)(2).
 
 
 5
 Coppick also raises a claim that her counsel was ineffective in not fully explaining the plea agreement and in not advising her of her right to appeal. As the transcript of Coppick's plea proceeding reveals that she was informed of and understood the plea agreement and the consequences of her plea, we reject Coppick's claim that she entered her plea involuntarily due to inadequate information from counsel. However, we find sufficient merit in Coppick's challenge to the restitution order, a challenge that Coppick arguably was prevented from bringing on appeal due to counsel's failure to advise her of her right to appeal, to conclude that the district court erred in summarily dismissing her Sec. 2255 petition.
 
 
 6
 We therefore remand this case to the district court for proceedings consistent with this opinion and this Court's opinion in United States v. Bruchey, 810 F.2d 456 (4th Cir.1987). Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 7
 REMANDED.
 
 
 
 [1]
 Coppick has also filed in this Court a petition to expunge "fines." No fines were imposed on Coppick. We interpret this petition to merely reiterate and expand upon Coppick's challenge to the restitution ordered