UNITED STATES of America

v.

James SPAMBANATO.

Crim. No. N–87–56 (PCD).

United States District Court,
D. Connecticut.

June 29, 1988.

Leonard C. Boyle, Asst. U.S. Atty., Hartford, Conn., for the U.S.

Sarah Chambers, Asst. Federal Public Defender, New Haven, Conn., for Spambanato.

## RULING ON MOTION FOR CORRECTION OF SENTENCE

DORSEY, District Judge.

Defendant was faced with charges arising out of his converting at least $24,205 to his own use. This was accomplished by issuance of a series of checks with which defendant liquidated the face amounts for his purposes. Before he was formally charged in court, but, when clearly faced with prosecution, defendant made two agreements which are here relevant. First, he agreed to accept criminal responsibility and, second, he agreed to accept financial responsibility. He has pleaded guilty to fraud, 18 U.S.C. § 1344, and has been sentenced. He has agreed with the fraud victim to repay the amount taken, $24,205.

At his plea, he was informed of the maximum penalties imposable and specifically that restitution to the victim for the loss caused could be ordered. He expressly noted his understanding that there was no commitment on the part of the court. His

actual sentence included a period of probation, a condition of which was that he make restitution of $24,205 within the period of his probation. At the time of his sentencing, his counsel noted, and now reiterates, the contention that, although he does not dispute the amount of the conversion, $24,205, he may not be ordered to pay restitution over $1500, the amount of the one check of which he stands convicted of fraudulent issuance and conversion.

At sentencing, the limitations of 18 U.S. C. § 3651, were considered. Yet, the obligations of the government and the court to the victim were not to be disregarded. Part of the consideration for the sentence was the appropriate impact on defendant. It is inappropriate that he have profited to the extent of the admitted conversion, $24,205, and yet have no obligation to the court except to make restitution of $1500. That would leave the victim subject to defendant's whim in making restitution, with only the resort to a further, civil action to recoup its loss. Sound policy and legal and social considerations suggest, if not dictate, the propriety of requiring by sentence an adjudicated criminal to redress the wrong caused by his conduct. Of course, a sentencing court may not force rectification of all of a convicted criminal defendant's wrongs.

Yet, the technical niceties of the law should not shield a criminal. Here, the fraud was perpetrated by a series of fraudulently issued and cashed, by means of endorsement, checks, each of which constituted a violation of the criminal law. As a matter of custom, instead of pleading to multiple counts, each for one check, which embraced and which would have dramatically increased a defendant's exposure to penalties, defendant pleaded to but one count, one offense based on one check. The government's agreement to that procedure was not binding on the court, which did not acquiesce in a limitation on its discharge of any duty to the victim. Contrary to his assertion, defendant was notified, at his plea, of his exposure to an order of restitution. *Cf. United States v. Hawthorne*, 806 F.2d 493, 499 (3d Cir.1986) (defendant must be informed prior to plea of possibility of imposition of restitution exceeding amounts charged in counts pleaded to).

■ Defendant's plea was a random choice of one of numerous check charges involved in a unitary scheme by which the victim was defrauded of $24,205. *See United States v. Woods*, 775 F.2d 82, 88 (3d Cir.1985) (where each count is an act in furtherance of a unitary scheme, it is the overall scheme which gives rise to victims' loss). Thus, it was not improper, in sentencing, to consider the entirety of defendant's conduct, *see United States v. Pugliese*, 805 F.2d 1117, 1122 (2d Cir.1986), including uncharged crimes, *see United States v. Bradley*, 812 F.2d 774, 781 (2d Cir.), *cert. denied*, — U.S. —, 108 S. Ct. 107, 98 L.Ed.2d 67 (1987); *United States v. Mennuti*, 679 F.2d 1032, 1037 (2d Cir.1982), and charges not prosecuted to finality, *United States v. Needles*, 472 F.2d 652, 654–56 (2d Cir.1973). In ordering restitution, the impact on a victim from all of the defendant's criminal conduct in furtherance of the scheme may be established and redressed, even if it exceeds the amount in the counts pleaded to. *United States v. Sleight*, 808 F.2d 1012, 1019 (3d Cir.1987); *United States v. Davies*, 683 F.2d 1052, 1054 (7th Cir.1982); *see Phillips v. United States*, 679 F.2d 192, 194 (9th Cir.1982) (defendant consented in plea agreement to restitution as determined by probation office).

■ Here, defendant has agreed to the amount and to repay the victim. That the plea agreement recited only restitution of the one check is not controlling, either as a matter of law or as a condition of his plea. Here, there is a record which establishes the total loss as defendant has agreed to it. Thus, this case is not controlled by the principle that a sentence may not require payments beyond the criminal conduct of which defendant stands convicted. Defendant concedes the propriety of the court's sentence going beyond the convicted conduct when the amount is conceded by the defendant or when the conviction is a "component of a 'unitary scheme.'" De-

fendant's Memorandum at 7. A plea agreement cannot limit a judge's sentence unless the judge has been a party to the agreement, i.e., has agreed to abide by its terms or is deemed to have acquiesced in doing so. Neither is the case here. Indeed, quite the contrary. "[A] defendant who agrees to make restitution in greater amounts [than the amounts in counts upon which there was a conviction] may be compelled to honor his agreement." *United States v. Elkin,* 731 F.2d 1005, 1012 (2d Cir.), *cert. denied,* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984), citing *Phillips,* 679 F.2d at 194. Defendant's agreement to compensate the victim was cited to the court, both at the plea and at sentencing, as a factor to be considered in his favor. All of the modes used in sentencing are interrelated. That agreement was a factor in the other aspects of defendant's sentence, i.e., what was ordered and what was not ordered. It was relied on by the court in sentencing and it was proper to require defendant, as part of his sentence, to compensate that loss. Nothing in *Elkin* suggests any such technical limitation as defendant argues here. *United States v. Paul,* 783 F.2d 84 (7th Cir.1986), cited by defendant, appears to authorize the order entered here. The question is not whether defendant agreed with the court as to the precise amount of the restitution ordered, for such a limitation would dictate the sentence, an unacceptable limit on the authority of the court. Rather, the question is whether there is a legal and factual basis for the court's tying the restitution to the offense for which defendant has been convicted. Such a basis existed here, notwithstanding the absence of his specific agreement to it in his written plea agreement.

█ Further, as not disputed by defendant as within the court's authority, restitution to the full extent of the loss resulting from an overall scheme is proper. *United States v. Woods,* 775 F.2d 82, 88 (3d Cir. 1985); *Hawthorne,* 806 F.2d at 496; *Sleight,* 808 F.2d at 1018. Whether application of such theory need be buttressed by an agreement, as defendant argues, need not be resolved here, for as noted above, there is an agreement here, albeit not ex-

pressly incorporated in the plea agreement. *Elkin's* rejection of restitution above that directly related to the conviction was not a rejection of the concept, but of an order for an amount as to which the defendant had not expressed any agreement and which the government had neither pleaded nor proved at trial. *Elkin,* 731 F.2d at 1012.

As restitution here was not based on 18 U.S.C. § 3579, defendant's motion will not be decided in relation thereto.

█ As the restitution order was based and reliant on defendant's agreement as to both the correctness of the amount and his repayment to the victim, and extends to sums which were lost by the victim as a result of defendant's overall course of conduct of which the issuance and cashing of the check specified in the information was but one of numerous such issuances and cashings, the total of which was $24,205, the court's order of restitution is found to be proper.

Accordingly, defendant's motion is denied.

SO ORDERED.