UNITED STATES of America, Appellee,

v.

James SPAMBANATO, Defendant–Appellant.

No. 480, Docket 88–1295.

United States Court of Appeals, Second Circuit.

Argued April 26, 1989.

Decided May 17, 1989.

* Chief Judge of the United States Court of International Trade, sitting by designation.

**6**

Richard A. Reeve, Asst. Federal Public Defender, New Haven, Conn. (Thomas G. Dennis, Federal Public Defender D. Conn., Sarah A. Chambers, Asst. Federal Public Defender, New Haven, Conn., of counsel), for defendant-appellant.

Joseph C. Hutchison, Asst. U.S. Atty., Dist. Connecticut, New Haven, Conn. (Stanley A. Twardy, Jr., U.S. Atty. D. Conn., New Haven, Conn., of counsel), for appellee.

Before OAKES, Chief Judge, WISDOM * and MESKILL, Circuit Judges.

PER CURIAM:

Defendant-appellant James Spambanato appeals from a ruling of the United States District Court for the District of Connecticut, Dorsey, J., 687 F.Supp. 46, denying his motion for correction of sentence pursuant to Fed.R.Crim.P. 35(a), *amended by* Pub.L. No. 98-473, 98 Stat. 2015–16 (1984) (effective Nov. 1, 1987, Pub.L. No. 99-217, 99 Stat. 1728 (1985)). We affirm.

Spambanato pled guilty to a single count information charging him with bank fraud in violation of 18 U.S.C. § 1344 (Supp. V 1987). The count was based on Spambanato's having fraudulently cashed a check at a federally insured bank in Connecticut. The check was in the amount of $1,500 and was drawn on the account of Local 884 of the American Federation of State, County, and Municipal Employees (the Union). At the plea and sentencing hearings, however, the government stated and Spambanato conceded that he had embezzled a total of $24,205 from the Union. Defense counsel emphasized that Spambanato accepted moral responsibility to repay the full $24,205, and that he had entered into an agreement with the Union by which he would do so. In response to these statements, the district court elected not to impose a sentence including incarceration. Instead, the court ordered a suspended sentence of two years and placed Spambanato on probation for five years, with one special condition of probation being that restitution be paid in the amount of $24,205. In his Rule 35(a) motion, Spambanato argued that the court was without power to order restitution in excess of $1,500, the amount of the check underlying the charge to which Spambanato pled guilty. He sought reduction of the restitution award to $1,500. Spambanato raises this same argument and request for relief on this appeal.

* Honorable John Minor Wisdom, United States Circuit Judge for the Fifth Circuit, sitting by designation.

■ In imposing the restitution award and subsequently denying the Rule 35(a) motion, the district court explicitly stated that the award was imposed as a condition of probation under the federal Probation Act, 18 U.S.C. § 3651 (1982) (the Probation Act) (repealed effective November 1, 1987). The court disclaimed any reliance on the restitution provisions of the Victim and Witness Protection Act, 18 U.S.C. §§ 3663, 3664 (formerly 18 U.S.C. §§ 3579, 3580) (Supp. V 1987) (VWPA). The court stated its understanding that, under the VWPA, restitution could only have been awarded in the amount of $1,500.

The district court erred in imposing restitution as a condition of probation under 18 U.S.C. § 3651. The district court was under the mistaken belief that either the Probation Act or the VWPA might be applied. We note that some language in *United States v. Berrios*, 869 F.2d 25, 28 (2d Cir. 1989), might suggest that with respect to sentencing for crimes committed between January 1, 1983 and November 1, 1987, district courts have such an option. Nevertheless, in *United States v. Kallash*, 785 F.2d 26, 30–31 (2d Cir.1986), we made clear that for crimes committed after January 1, 1983 and in violation of Title 18 or certain provisions of the Federal Aviation Act, *see* 18 U.S.C. § 3663(a), restitution is to be awarded only pursuant to the VWPA. As Spambanato pled guilty to violating 18 U.S.C. § 1344 on or about January 29, 1985, restitution could only be awarded under the VWPA. Nevertheless, we affirm Judge Dorsey's decision.

As demonstrated in our recent decision in *Berrios*, the district court was mistaken in its belief that it was powerless to impose restitution under the VWPA in an amount larger than $1,500. In light of *Berrios*, we have no doubt that the district court could have ordered restitution in the amount of $24,205 under the VWPA. Indeed, the facts of this case are indistinguishable from those present in *Berrios*. Like Berrios, Spambanato was informed in the plea agreement that restitution might be ordered. Before taking Spambanato's plea, the court made it clear to him that restitution might be ordered in an amount exceeding that charged in the information. The court cited the $24,205 figure, the amount specified in the agreement Spambanato had signed committing himself to repay the Union for his embezzling through this scheme. Spambanato acknowledged a moral responsibility to repay that amount. Spambanato's trial counsel, who also served as trial and appellate counsel in *Berrios*, took the same position that she did in *Berrios*, accepting the validity of the $24,205 figure and questioning only the court's legal authority to impose restitution in an amount exceeding that charged in the information. *See Berrios*, 869 F.2d at 27. Finally, as in *Berrios*, the expressed willingness to make full restitution clearly was intended to influence and did in fact influence the court to be more lenient in sentencing. *Id.* at 33. Under these circumstances, we cannot accept the argument that a restitution award of $24,205 would have been beyond the court's power under the VWPA or violative of the "constitutional safeguards" due Spambanato. *See id.* at 32–33.

Thus, we conclude that while the district court erroneously relied on the Probation Act, it could have imposed the same restitution award had it properly relied on the VWPA. The remaining question, then, is whether, because of the court's relying on the wrong statutory provision, Spambanato was denied any of the procedural protections guaranteed him by the VWPA, 18 U.S.C. § 3664. We conclude that he was not. Our review of the record convinces us that the district court considered the appropriate factors, including Spambanato's financial resources and needs and the amount of loss suffered by the Union as a result of Spambanato's embezzlement. *See* 18 U.S.C. § 3664(a). A pre-sentence report, which included information concerning these matters, was considered by the court and accepted by Spambanato and his counsel as "very thorough." *See* 18 U.S.C. § 3664(b), (c). As there were no disputed issues raised concerning Spambanato's financial condition or the amount of the loss suffered as a result of his embezzlement, there can be no argument that the burden

**8**

of proof on these issues was misallocated. *See* 18 U.S.C. § 3664(d).

As Spambanato's sentence was neither illegal nor illegally imposed, there was no abuse of discretion in the district court's denial of his Rule 35(a) motion. *See United States v. Mescaine–Perez,* 849 F.2d 53, 58–60 (2d Cir.1988). We therefore affirm the judgment of the district court. Additionally, we note that if we had found the restitution award to have been improper, the correct result would have been a remand for resentencing, not a reduction in the restitution award, the relief sought here by Spambanato. *See Berrios,* 869 F.2d at 32–33.