64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Lee EVANS, Defendant-Appellant.
 Nos. 94-6554, 94-6565.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion for correction of sentence filed pursuant to Fed.R.Crim.P. 35(a). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On July 30, 1987, the district court sentenced James Lee Evans to a term of fourteen years imprisonment in Case No. CR 86-00027-14-L (CS). On November 21, 1990, the district court sentenced Evans to a term of fifteen years imprisonment in Case No. CR 86-00092-01-L(A) and a non-parolable term of twenty years imprisonment in Case No. CR 87-00036-01-L(A). The 1990 sentences were to run concurrently with each other, but consecutively to the sentence imposed in 1987 (CR 86-00027-14-L(CS)).
 
 
 3
 Evans argued that the sentences imposed by the district court were improperly vague and uncertain, internally contradictory, ambiguous, and illegal. The district court concluded that the sentences were not illegal and denied the motion to correct sentence. The district court also found that Evans had not sought habeas corpus relief under 28 U.S.C. Sec. 2241, nor had he exhausted his administrative remedies. Inasmuch as the sentences were not illegal, and Evans had not sought habeas relief or exhausted available administrative remedies, the district court denied Evans's motion.
 
 
 4
 In his timely appeals, Evans argues that the district court erroneously denied his motion to correct sentence. The appeals have been consolidated for submission and briefing.
 
 
 5
 This court reviews a judgment denying a Rule 35(a) motion for an abuse of discretion. United States v. Spambanato, 876 F.2d 5, 8 (2d Cir.1989) (per curiam).
 
 
 6
 The district court properly denied the motion because Evans has not shown that his sentence is illegal. The purpose of Rule 35(a) is to permit the court to correct a sentence that the judgment of conviction did not authorize. United States v. Morgan, 346 U.S. 502, 506 (1954); Petro v. United States, 368 F.2d 807, 808 (6th Cir.1966). Evans, however, does not claim that his sentence is in excess of that prescribed by the relevant statutes, that he was sentenced to multiple terms for the same offense, or that the terms of his sentence are legally or constitutionally invalid. See Hill v. United States, 368 U.S. 424, 430 & n. 9 (1962). Instead, Evans merely claims that neither the Parole Commission nor the Bureau of Prisons can easily understand or execute the sentence.
 
 
 7
 The district court also properly denied Evans's Rule 35 motion because Evans has not exhausted his available remedies nor has he sought relief under 28 U.S.C. Sec. 2241. At best, Evans challenges the manner in which the Bureau of Prisons or the Parole Commission will determine his parole eligibility date. A federal prisoner seeking to attack the execution of his sentence by challenging the computation of his parole credit may do so by filing a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). A federal prisoner, however, must first exhaust his available remedies before filing a Sec. 2241 petition for habeas relief. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). An administrative remedy is also available to a challenge of the Bureau of Prison's sentence computation under 28 C.F.R. Sec. 542.10-542.16 (1988).
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion dated November 8, 1994.