**STATE of Minnesota, Respondent,**

v.

**Samuel Earl DENDY, Appellant.**

No. C6–93–2481.

Court of Appeals of Minnesota.

July 12, 1994.

---

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. Ramsey County Atty., St. Paul, for respondent.

John M. Stuart, State Public Defender, Charlann E. Winking, Asst. State Public Defender, University of Minnesota, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and LANSING, and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges restitution order requiring him to reimburse his landlord for damages to his apartment door caused by police when executing a search warrant. We reverse.

## FACTS

Police obtained a "no-knock" search warrant for premises leased to appellant Samuel Earl Dendy. In executing the warrant, the police forcibly entered Dendy's apartment, damaging the door. Dendy subsequently pleaded guilty to a fifth degree controlled substance offense for possession of cocaine. Landlord Allan Cederberg then sought restitution from Dendy for police damage to the apartment. The district court granted landlord's request in part, ordering Dendy to pay $830 for the damaged door. This appeal followed.

## ISSUE

Did the district court err by ordering appellant to pay restitution to his landlord for property damage caused, not by him, but by police as they conducted a "no-knock" search of appellant's apartment?

## ANALYSIS

"A trial court has wide discretion in ordering reasonable restitution." *State v. Muller,* 358 N.W.2d 72, 76 (Minn.App.1984). But statutory construction is a question of law and thus fully reviewable. *Hibbing Educ. Ass'n v. Public Emp. Rel. Bd.,* 369 N.W.2d 527, 529 (Minn.1985). "The fundamental aim of an appellate court construing a statute is to ascertain and give effect to the legislative intent." *In re Copeland,* 455 N.W.2d 503, 506 (Minn.App.1990), *pet. for rev. denied* (Minn. July 13 and Sept. 14, 1990).

"[O]nly the victim is entitled to receive restitution." *State v. Harwell,* 515 N.W.2d 105, 110 (Minn.App.1994), *pet. for rev. denied* (Minn. June 15, 1994). The restitution statute defines "victim" as a "natural person who incurs loss or harm *as a result* of a crime." Minn.Stat. § 611A.01(b) (1992) (emphasis added). Thus, the issue is whether the landlord's indirect damages (which stem not so much from Dendy's crime as from police efforts to enforce the law) are, under the statute, "a result of" Dendy's possession of

cocaine. The restitution portion of chapter 611A does not expressly address whether such damages are "a result of a crime."

Restitution may include, but is not limited to,

> any out-of-pocket losses resulting from the crime, including medical and therapy costs, replacement of wages and services, and funeral expenses.

Minn.Stat. § 611A.04, subd. 1(a) (1992); *accord* Minn.Stat. § 611A.045, subd. 1 (1992) (in determining propriety and amount of restitution, court "shall consider * * * the amount of economic loss sustained by the victim as a result of the offense"). Thus, the damages to the door would presumably fit within this definition of compensable "losses."

But it is not clear that the landlord is within the class of victims whose property damage "result[ed] from [the] crime." If the legislature intended the same definition of "victim" to apply through all of chapter 611A,[1] we could look to the "Crime Victims Reparations" portion of chapter 611A (sections 611A.51–.67), which defines "victim," quite relevantly, as

> a person who suffers personal injury or death as a direct result of:
> (1) a crime;
> (2) the good faith effort of any person to prevent a crime; or
> (3) the good faith effort of any person to apprehend a person suspected of engaging in a crime.

Minn.Stat. § 611A.52, subd. 10 (1992). Here, the officer's actions in breaking down the door would fall within "the good faith effort of any person to apprehend" a suspect.

But—if the statute is given a literal reading—this expansive definition of "victim" applies only to crime victim *reparations* (sections 611A.51–.67). *Id.*, subd. 1 (1992). This suggests that the legislature intentionally excluded the definition of "victim" in section 611A.01(b) (for purposes of restitution) from the broad definition it used in section 611A.52 (for purposes of reparations). Thus, we must examine the relationship between "restitution" and "reparations" and the policy behind each.

A comparative analysis of these two portions of chapter 611A leads us to conclude that the definitions differ because reparations and restitution were intended to provide quite different responses to the losses suffered by crime victims. The reparations portion of chapter 611A provides compensation to crime victims from public revenues; therefore, the limited public funds are preserved for those suffering the most easily demonstrated and most tragic losses, that is "personal injury or death." *Id.*, subd. 10.[2]

In contrast, because public resources are not involved, restitution can be made available for a broader set of losses, including purely economic, property-damage losses.

But while restitution covers a broader range of damages, it is limited to a narrower range of crime victims. Section 611A.52 defines "victim" more expansively than does section 611A.01(b). The legislature extended the availability of reparations to personal injuries that are only peripherally related to the crime itself—including damages incurred as a result of enforcement efforts—but limited restitution to damages caused *directly* by the unlawful conduct.[3] This is a reasonable distinction, for restitution is a program designed to bring offender and victim together for rehabilitative purposes—rehabilitative for both victim and offender.

---

1. Statutes in pari materia, that is, statutes on the same subject, should be construed with reference to each other.

2. "Personal injury" would not include the losses claimed here because "injury" is defined as "actual bodily harm." Minn.Stat. § 611A.052, subd. 9 (1992). And although this portion of the statute refers to economic losses, it defines "economic loss" narrowly as "economic detriment incurred as a direct result of injury or death." *Id.*, subd. 8 (1992).

3. The act that adopted the restitution provisions also renumbered the existing reparations provisions from chapter 299B, thus congregating all the "victims' rights" legislation into a single chapter—611A. 1983 Minn.Laws ch. 262, Art. 1, § 6. Thus, we cannot presume that the legislature was unaware of the definition of "victim" in section 611A.52 when it enacted a narrower definition of "victim" in section 611A.01.

We conclude that the definition of "victim" in section 611A.01(b)—in contrast to the broader definition in section 611A.52—does not allow restitution for indirect damages, such as those caused by a police attempt to execute a no-knock search warrant and similar efforts to apprehend suspects.

This conclusion is not inconsistent with existing case law concerning restitution. Restitution is proper "where the victim's losses are directly caused by appellant's conduct." *State v. Olson,* 381 N.W.2d 899, 901 (Minn.App.1986); *accord State v. Hanson,* 405 N.W.2d 467, 470 (Minn.App.1987) (affirming restitution where the expenses were a "direct result" of the crime).

Here, we cannot conclude that Dendy's possession of cocaine—as opposed to the officers' forced entry—directly caused the landlord's damages. Accordingly, we hold that section 611A.01(b) does not authorize restitution for damages caused by the police in executing a no-knock search warrant.

## DECISION

The trial court exceeded the implicit terms of the statute in granting landlord restitution for property damages incurred when police executed a no-knock search warrant of defendant's apartment.

**Reversed.**

FORSBERG, Judge (dissenting):

I respectfully dissent. Minn.Stat. § 611A.04 allows restitution for a victim of a crime which clearly means that such damages *occurred* as a result of a crime. The landlord suffered damages due to the crime and therefore the trial court did not abuse its discretion.