### In the Matter of the WELFARE OF J.A.D., Child.

#### No. C2–99–868.

Court of Appeals of Minnesota.

Dec. 21, 1999.

John M. Stuart, State Public Defender, Charlann Winking, Assistant State Public Defender, Mark Elliot, Certified Student Attorney, Minneapolis, for appellant.

Mike Hatch, Attorney General, St. Paul; and Roger S. Van Heel, Stearns County Attorney, Janis L. Hovda, Assistant County Attorney, St. Cloud, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, AMUNDSON, Judge, and HOLTAN, Judge.*

## OPINION

AMUNDSON, Judge

Appellant challenges the district court's restitution order, arguing that a child victim's parent is not entitled to restitution for expenses incurred on the child's behalf. We affirm.

## FACTS

In the fall of 1998, appellant J.A.D., a twelve-year old, pulled down his pants and exposed his penis to two children, a five-year-old male and a three-year-old female. J.A.D. was charged with two counts of indecent exposure. In February 1999, J.A.D. pleaded guilty to one count indecent exposure in the presence of the three-year-old girl.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

The district court judge stayed adjudication for two ninety-day periods and placed J.A.D. on probation. As a condition of his probation, J.A.D. was ordered to pay $124.61 to the victim's mother for lost wages and mileage expenses incurred as a result of taking the victim to St. Cloud to participate in the criminal investigation.

## ISSUE

Did the district court abuse its discretion when it ordered appellant to pay restitution to the 3–year old victim's mother for expenses the mother incurred in lost wages and for transporting the victim to the police station as part of the police investigation?

## ANALYSIS

■ As part of the disposition in a juvenile delinquency case, a district court may order restitution to the victim of the juvenile's offense. Minn.Stat. § 260.185, subd. 1(e) (1998); Minn.Stat. § 611A.04, subd. 1(a) (1998). A district court has broad discretion in ordering restitution. *State v. Olson,* 381 N.W.2d 899, 900 (Minn. App.1986). But whether a specific restitution order fits within the statutory definition is a matter of statutory construction and thus a question of law subject to de novo review by this court. *State v. Esler,* 553 N.W.2d 61, 63–64 (Minn.App.1996), review denied (Minn. Oct. 15, 1996).

Appellant, J.A.D. contends that the district court abused its discretion when it ordered him to reimburse the victim's mother for lost wages and travel expenses incurred when she had to drive the victim to the police station to give a statement on the offense. J.A.D.'s argument is premised on the notion that the restitution statute only permits the district court to order restitution to compensate the victim, not the victim's mother.

■ Minn.Stat. § 611A.04, subd. 1(a) (1998) provides that

[a] victim of a crime has the right to receive restitution as part of the disposi-

tion of a criminal charge or juvenile delinquency proceeding * * * if the offender is convicted or found delinquent.

Accordingly, only the victim of the crime is entitled to receive restitution from the offender. *State v. Harwell,* 515 N.W.2d 105, 110 (Minn.App.1994), review denied (Minn. June 15, 1994). Minn.Stat. § 611A.01 (b) (1998) defines a victim as "a natural person who incurs loss or harm as a result of a crime * * *" Additionally, the statute provides that "if the victim is a natural person and is deceased, 'victim' means the deceased's surviving spouse or next of kin." *Id.*

■ This court has explained that the definition of victim in the restitution statue is narrower than other statutory definitions of victim. See *State v. Dendy,* 520 N.W.2d 411, 413–14 (Minn.App.1994) (contrasting definition of victim in restitution statute with broader definition for reparation). "[W]hile restitution covers a broader range of damages, it is limited to a narrower range of crime victims." *Id.* at 413. Compensation of the crime victim for his or her loss is accomplished by restoring the victim to their original financial condition. *State v. Terpstra,* 546 N.W.2d 280, 283 (Minn.1996). In this case, the purpose of the restitution was to restore the victim's mother to her original financial condition.

In *State v. O'Brien,* the court reviewed the district court's order for restitution where the defendant pleaded guilty to perjury regarding the sworn statement on his marriage license application that his prior marriage had been annulled. *State v. O'Brien,* 459 N.W.2d 131, 132 (Minn.App. 1990). O'Brien was ordered to pay restitution for costs incurred in connection with the "wedding" ceremony and reception. *Id.* A portion of this restitution was to be paid to the bride's mother and father for clothing items they purchased for the ceremony. *Id.* at 135. The court concluded that the bride's "parents could be included as 'victims' under the statute because they

incurred an economic harm as a result of appellant's perjury." *Id.*

In this case, if the victim had incurred these expenses directly, that is, if she was old enough to have a job and drive to the police station to give her statement, reimbursement for lost wages and travel expenses via the restitution order would not be problematic. We cannot say that the legislature intended to exclude a class of victims who might incur expenses in the exercise of their victim rights simply because they are children who require the assistance of a parent. Accordingly, where a victim cannot exercise her rights as a victim without assistance, the cost of such assistance is subject to reimbursement via a restitution order.

J.A.D. argues that allowing the court to order restitution for the expenses incurred by the victim's mother would clear the way for people to make frivolous and unsubstantiated claims. J.A.D. argues that under such an interpretation of the restitution statute, a person who drove anywhere in furtherance of the needs of a crime victim could seek compensation. But we note that there are protections that would guard against abuses of the statute. First, the victim must have incurred loss or harm as a result of a crime. *State v. Keehn,* 554 N.W.2d 405, 408 (Minn.App.1996) (victim seeking restitution is required to describe with "reasonable specificity" nature and amount of his or her losses), review denied (Minn. Dec. 17, 1996). That loss must have been directly caused by the conduct for which defendant was adjudged delinquent or convicted. *Esler,* 553 N.W.2d at 65; Minn.Stat. § 611A.04, subd. 1(a). Restitution is also limited to recovery of economic damages sustained by the victim. *State v. Colsch,* 579 N.W.2d 482, 484 (Minn.App.1998). Finally, if there is a dispute over the type or amount of restitution, the dispute is to be resolved by a preponderance of evidence and the burden is on the prosecution. Minn.Stat. § 611A.045, subd. 3 (1998).

Precluding the parents of a child victim from receiving compensation for losses sustained by making the victim available for investigatory purposes would be contrary to the spirit of the restitution statute. For instance, it seems that police investigations could be compromised or that some victims would not be able to participate in predispositional investigations per their rights under Minn.Stat. § 611A.037 (1998) because their participation in such events would require their parents to incur expenses for which they could not be compensated.

## DECISION

The district court properly ordered appellant to pay restitution to the victim's mother for costs associated with assisting the victim in exercising her rights as a crime victim.

**Affirmed.**