*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0596**

State of Minnesota,
Respondent,

vs.

Louis Steven Baratto,
Appellant.

**Filed December 29, 2014
Affirmed
Reyes, Judge**

Ramsey County District Court
File No. 62CR122770

Lori Swanson, Attorney General, St. Paul, Minnesota; and,

John Choi, Ramsey County Attorney, Laura Rosenthal, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Johnson, Judge; and Reyes, Judge.

**REYES**, Judge

In this sentencing appeal, appellant argues that the district court abused its discretion by ordering him to pay $3,875 in restitution for a snowplow appellant has offered to return and the amount of which resulted in a windfall to the victim.  We affirm.

## FACTS

Appellant Louis Baratto pleaded guilty to theft of a motor vehicle in violation of Minn. Stat. § 609.52, subd. 2(a)(17) (2010).  The victim, J.S., filed a restitution affidavit seeking $5,141.30.  This amount included $1,266.30 for repair costs to the vehicle and $3,875.00 for a snowplow appellant removed from the vehicle.  On August 24, 2012, appellant was sentenced to 17 months in prison with execution stayed and five years of probation.  Appellant was also ordered to pay $5,141.30 in restitution.  Appellant did not challenge restitution or the restitution amount.

On November 4, 2013, appellant appeared for a probation violation hearing after failing to pay any of the restitution.  At this hearing, appellant admitted failing to pay restitution but indicated that he had J.S.'s snowplow and wanted to return it.  The prosecuting attorney agreed that would be appropriate.  Based on this information, the district court ordered appellant to contact the county attorney's office to return the snowplow to J.S. and amended the restitution amount to $1,266.41[1] after deducting $3,875.00 for the cost of the snowplow.  J.S. was not present at the hearing.

---

[1] It appears that the district court miscalculated the amount of restitution.  The correct amount should be $1,266.30 ($5,141.30 - $3,875.00 = $1,266.30).

A few months later, the state moved to reinstate the original restitution order in the amount of $5,141.30. A restitution hearing took place on February 3, 2014. At the hearing, the state explained to the district court that it was mistaken when it informed the district court that J.S. wanted his snowplow back. J.S. was present at this hearing and testified that he never agreed to take the snowplow back. J.S. explained that he no longer owned the vehicle to which the snowplow was attached. J.S. also testified that he only became aware that appellant wanted to return the snowplow a year and a half later, and after he had already gifted the vehicle to his son and no longer had a use for it. J.S. testified he purchased the snowplow in 1993 and that the original price was in the $3,000 range.

At the conclusion of the hearing, the district court found that it was unreasonable to require J.S. to accept the snowplow when he no longer had a use for it. The district court vacated the November 4, 2013 amended order and reinstated its original restitution order in the amount of $5,141.30.

## D E C I S I O N

Appellant argues the district court abused its discretion by ordering appellant to pay the victim $3,875.00 in restitution for a snowplow when appellant offered to return the snowplow. "[District] courts are given broad discretion in awarding restitution." *State v. Tenerelli*, 598 N.W.2d 668, 671 (Minn. 1999). We review a district's court order for restitution under an abuse of discretion standard. *State v. Nelson*, 796 N.W.2d 343, 346 (Minn. App. 2011).

3

After a defendant is convicted of a crime, a victim can request restitution for a specific loss. Minn. Stat. § 611A.04, subd. 1(a) (2010). Restitution is primarily intended to compensate crime victims for their losses by restoring victims to their original financial condition. *State v. Colsch*, 579 N.W.2d 482, 484 (Minn. App. 1998). Once restitution is requested, the district court shall request information from the victim to determine the amount of restitution owed, and the victim must itemize and describe the loss and the reasons justifying the amount claimed. *Id.*

An offender may request a hearing to challenge the request for restitution but has the burden to produce evidence challenging requested items of restitution and/or the amount of requested restitution. Minn. Stat. § 611A.045, subd. 3 (2010). Specifically, he must challenge the amount of restitution "by requesting a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing." Minn. Stat. § 611A.045, subd. 3(b); *see also State v. Gaiovnik*, 794 N.W.2d 643, 648-49 (Minn. 2011). An appellant's failure to object to restitution either during a plea or sentencing hearing constitutes a waiver of challenge to restitution on appeal. *See Mason v. State*, 652 N.W.2d 269, 272-73 (Minn. App. 2002), *review denied* (Minn. Dec. 30, 2002).

Here, appellant did not challenge the requested item of restitution, namely the snowplow, or the amount of restitution within 30 days of receiving the restitution request or within 30 days of sentencing. Instead of objecting within the statutory timeframe, appellant waited almost one and a half years to do so. Appellant did not indicate any challenge to paying restitution for the snowplow until he appeared before the court for a

probation violation hearing relating to his failure to pay restitution. As a result, appellant waived his right to challenge the restitution item and the amount of restitution ordered.

Even if we were to reach the merits of appellant's claim, the district court did not abuse its discretion when it reinstated its previous order requiring appellant to pay for the loss of the snowplow. Restitution is proper for victim losses which are directly caused by a defendant's conduct for which the defendant was convicted. *Nelson*, 796 N.W.2d at 347. Here, J.S.'s loss of the snowplow was directly caused by appellant's theft. In the almost one and a half years that J.S. did not have the snowplow, he did not conduct his plow business. J.S. no longer has the vehicle that the snowplow was attached to and no longer has a need for the snowplow. The very reason that J.S. did not have a use for the snowplow is because it was stolen in the first place and not offered to be returned to him until much later. It is unreasonable to require J.S. to now accept the snowplow in lieu of restitution almost one and a half years after it was stolen by appellant.

**Affirmed.**