*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1379**

State of Minnesota,
Respondent,

vs.

Ryan Roy Becker,
Appellant.

**Filed April 11, 2016
Affirmed
Kirk, Judge**

McLeod County District Court
File No. 43-CR-13-719

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael K. Junge, McLeod County Attorney, Daniel R. Provencher, Assistant County Attorney, Glencoe, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Peterson, Judge; and Jesson, Judge.

## UNPUBLISHED OPINION

**Kirk**, Judge

Appellant challenges the district court's restitution order, arguing that the claimed losses were not directly caused by the crime of which he was convicted and that the court improperly considered bail paid by his father. We affirm.

# FACTS

In January 2014, appellant Ryan Roy Becker pleaded guilty to possession of substances with intent to manufacture methamphetamine, on or about May 5, 2013. As part of the factual basis for the plea, appellant admitted that he was "in possession of chemical reagents or precursors with intent to manufacture methamphetamine," and that "chemical reagents or precursors," means "items, substances, that are used in the manufacture of methamphetamine." He reserved the right to challenge restitution.

The City of Lester Prairie sought restitution in the amount of $30,576.54, for losses related to inspecting and remediating the methamphetamine contamination of appellant's home, along with attorney fees for the city attorney of Lester Prairie. The district court held a restitution hearing in April 2015. The parties stipulated to a record.

Based upon that stipulated record, in January 2013, law enforcement received a report indicating that appellant's brother may be smoking or cooking methamphetamine in appellant's basement in Lester Prairie. When investigating the report, an officer "detected a strong chemical odor emitting from the residence." Later that month, an employee at a nearby Fleet Supply store reported that appellant and his then-girlfriend were purchasing chemicals up to three times a week, leading the employee to suspect that they were manufacturing methamphetamine.

In May 2013, law enforcement found components of a methamphetamine lab in both a vehicle appellant was driving and in his house. When officers entered the home, there was a strong chemical odor and a haze in the air. Numerous lab-related items were recovered from the house, including a Coleman fuel container, a mineral spirits bottle, isopropyl alcohol

2

containers, potassium iodide, muriatic acid, drain cleaner, a digital pH tester, and plastic tubing.

In June 2015, the district court issued an order requiring appellant to pay restitution in the amount claimed.[1]  This appeal follows.

## D E C I S I O N

**I.   The district court did not err in ordering restitution for methamphetamine-contamination inspection and remediation costs.**

A district court has broad discretion to award restitution.  *State v. Tenerelli*, 598 N.W.2d 668, 671 (Minn. 1999).  However, "determining whether an item meets the statutory requirements for restitution is a question of law that is fully reviewable by the appellate court." *State v. Nelson*, 796 N.W.2d 343, 346-47 (Minn. App. 2011) (quotation omitted).

"A request for restitution may include, but is not limited to, any out-of-pocket losses resulting from the crime."  Minn. Stat. § 611A.04, subd. 1(a) (2014).  "The burden of demonstrating the amount of loss sustained by a victim as a result of the offense and the appropriateness of a particular type of restitution is on the prosecution."  Minn. Stat. § 611A.045, subd. 3(a) (2014).  Restitution must be proved by a preponderance of the evidence. *Id.*

"[A] compensable loss must be 'directly caused by the conduct for which the defendant was convicted.'" *Nelson*, 796 N.W.2d at 347 (quoting *State v. Latimer*, 604 N.W.2d 103, 105 (Minn. App. 1999)).  For example, in *Latimer*, we held that the district court may not order

---

[1] Later that month, the district court entered an order redirecting restitution payments to Wells Fargo Bank, which held a mortgage on the property at the time of the offense, because it had reimbursed the City of Lester Prairie in full.

restitution for losses directly attributable to a murder against a defendant who helped conceal the murder after it occurred, but otherwise took no part in it. 604 N.W.2d at 105. However, a restitution order need not precisely match the offense of which the defendant was convicted, as long as the claimed loss is supported by the record. *See State v. Terpstra*, 546 N.W.2d 280, 283 (Minn. 1996) (holding that a district court may order a defendant to pay restitution exceeding the monetary parameters of the theft offense of which he was convicted, but only if the higher amount is supported by a preponderance of the evidence); *see also State v. Olson*, 381 N.W.2d 899, 901 (Minn. App. 1986) (affirming restitution award for money stolen where defendant was convicted of burglary but acquitted of theft charge stemming from same incident).

Here, appellant pleaded guilty to violating Minn. Stat. § 152.0262, subd. 1(a) (2012), for "possess[ing] any chemical reagents or precursors with the intent to manufacture methamphetamine." Minn. Stat. § 152.0275, subd. l(b) (2012), specifically allows a district court to "require a person convicted of manufacturing or attempting to manufacture a controlled substance or of an illegal activity involving a precursor substance" to pay restitution to public entities for the "reasonable costs" of their participation in any "emergency response" to the crime. For purposes of the statute, "'emergency response' includes, but is not limited to, removing and collecting evidence, securing the site, removal, remediation, and hazardous chemical assessment or inspection of the site where the relevant offense or offenses took place . . . ." *Id.*, subd. l(a)(2) (2012).

The district court did not find credible appellant's claim that the contamination of his home was caused by a prior resident or an unknown person. Generally, appellate courts defer

to district-court credibility determinations, and we extend this deference to the evaluation of written statements. *See, e.g.*, *Straus v. Straus*, 254 Minn. 234, 235, 94 N.W.2d 679, 680 (1959) (stating that conflicts in the evidence, even though presented in affidavits, are to be resolved by the district court). Here, the record amply supports the district court's conclusion.

Appellant's crime of possessing chemical reagents or precursors with the intent to manufacture methamphetamine is closely and logically linked to the methamphetamine contamination of appellant's home. The stipulated record supports a conclusion, by the preponderance of the evidence, that appellant was possessing and/or manufacturing methamphetamine in the home. Appellant's conduct directly caused the city's investigation and remediation of the contamination of appellant's home. Further, the city's claimed losses constitute reasonable costs related to removing and collecting evidence of methamphetamine manufacturing, securing the site, inspecting, and remediating the contamination of appellant's home. Minn. Stat. § 152.0275, subd. 1(a)(2), (b). Therefore, the district court did not err in ordering restitution.

**II.     The district court properly considered the cash bail posted by appellant's father in determining appellant's ability to pay restitution.**

In ordering restitution, the district court shall consider "the income, resources, and obligations of the defendant." Minn. Stat. § 611A.045, subd. 1(a) (2014). Whether a district court may consider bail in awarding restitution is a question of law, which we review de novo. *See State v. Johnson*, 851 N.W.2d 60, 65 (Minn. 2014).

Appellant argues that the district court erred in considering that appellant posted $7,500 in cash bail because it was paid by his father. "Money bail is the property of the

accused, whether deposited by that person or by a third person on the accused's behalf." Minn. Stat. § 629.53 (2014). Further, a district court is specifically authorized to apply a convicted defendant's bail deposit towards any restitution obligation. *Id.* ("In case of conviction, the judge may order the money bail deposit to be applied to any fine or restitution imposed on the defendant by the court . . . ."); *see also* Minn. Stat. § 485.018, subd. 5 (2014) (acknowledging that forfeited bail may be paid directly to victims).

Based upon this statutory language, the district court did not err in considering the $7,500 in bail paid by appellant's father in ordering restitution. Notably, the district court did not indicate that the bail was evidence that appellant had *other* income or resources available for restitution. Under Minn. Stat. § 629.53, the bail was a legitimate resource to consider in awarding restitution.

**Affirmed.**